## Rebecca Nicodemus, Appellant, *v.* William J. McMullin.

*Negligence—Bicycle—Collision with wagon—Contributory negligence.*

In an action against the owner of a team to recover damages for the death of a bicycler, it appeared that as the bicycler approached a crossing on the south side of a street, defendant's team was approaching on the cross street from the north. The driver pulled up his team but almost immediately started ahead on a trot to cross the street in front of a car which was approaching the crossing from the east. When the bicycler saw the team checked, he started ahead, and while diagonally crossing in front of the team, he was hit by the pole of the wagon. There was evidence that the bicycler was a somewhat inexperienced rider. The crossing where the accident occurred was intersected by two electric railways, and there was considerable wagon traffic at the point. The accident occurred at ten o'clock in the morning. *Held,* that nonsuit was properly entered.

Argued April 6, 1898. Appeal, No. 58, Jan. T., 1898, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 809, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WILLSON, J.

At the trial it appeared that on January 18, 1895, plaintiff's husband, the Rev. Frederick Nicodemus, about ten o'clock in the morning, was riding a bicycle east on Walnut street in the

city of Philadelphia, and on the south side of the roadway. As he approached Twelfth street he saw defendant's double team, driven by one of his employees, coming down Twelfth street, north of the north crossing of Walnut street; a street car going west on Walnut street was also approaching the intersection. The driver of the team pulled up his mules as though to stop to permit of the passage of the approaching car. The deceased then called out to his son, who was following him, also on a bicycle, "Come on; he is stopping," and proceeded to cross Twelfth street. At this time the driver of the wagon urged forward his mules on a trot in an attempt to cross Walnut street in front of the car, his attention being directed to it. The deceased crossed diagonally in front of the team, and was struck by the pole of the wagon, the wheels passing over him. He was picked up on the south side of the Walnut street tracks and the east side of the Twelfth street tracks. At the point where the accident occurred there was considerable wagon traffic. The driver did not stop after striking the deceased until he had driven about two hundred feet down Twelfth street, and then only when called to by bystanders. Plaintiff's husband died on the following day as the result of his injuries.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. Homer Dalbey*, with him *Louis Brégy*, for appellant, cited Schmidt v. McGill, 120 Pa. 405; Christian v. Ice Co., 3 Pa. Superior Ct. 320; Cleary v. Traction Co., 179 Pa. 526; West Phila. Pass. Ry. v. Mulhair, 6 W. N. C. 508.

*George S. Graham*, for appellee, filed no printed brief.

PER CURIAM, April 18, 1898:

A careful consideration of the testimony in this case has satisfied us that it is insufficient to have justified the submission to a jury of the question of defendant's liability for the unfortunate accident that resulted in the death of plaintiff's husband. It therefore follows that there was no error in refusing to take off the judgment of nonsuit ordered by the learned trial judge.

Judgment affirmed.