## Amos J. Rusterholtz v. The New York, Chicago and St. Louis Railroad Company, Appellant.

*Negligence—Measure of duty—Reasonable care—Question for jury.*

Where there is doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury.

*Negligence—Contributory negligence—Railroads—Standing cars—Fright of horse—Question for jury—Public street.*

In an action against a railroad company to recover damages for personal injuries, the evidence for the plaintiff tended to show that for a number of days immediately preceding the accident, defendant's cars had stood at the crossing where plaintiff was injured in such a position as to obstruct the middle of the street, leaving a passageway only about ten

feet wide at one side; that ordinarily quiet horses were liable to shy when driven or ridden through this narrow passageway, and that in riding through it at night plaintiff's horse, which was quiet and tractable, had shied at a car on one side, and thrown him against a car on the other side. The evidence for the defendant showed that some fifteen or twenty minutes before, plaintiff had ridden between the cars, and that on that occasion also his horses had shied slightly and jumped to one side. The evidence was conflicting as to whether there was another and safer route which plaintiff might have taken. Defendant's allegation that the street on which the cars were standing was not a public street was met by evidence that, more than twenty-five years before, a resolution had been passed by councils directing an ordinance to be drawn for the purpose of opening the street, and that the street had been used as a public highway for more than twenty-one years. *Held*, (1) that the question as to whether the street was a public highway was for the jury; (2) that the question of defendant's negligence was for the jury; (3) that the question of plaintiff's contributory negligence was for the jury.

Argued April 25, 1899. Appeal, No. 359, Jan. T., 1898, by defendant, from judgment of C. P. Erie Co., May T., 1895, No. 226, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WALLING, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial, George Miller, a witness for plaintiff, testified:

"Q. You say you were through there the morning after he was hurt? A. Yes, sir. Q. What was the condition of the cars, as to being in the street or not, at that time? A. I should judge they were in the street, as far as within eight feet of each side of the wheel track. Q. About what distance were the cars apart on the switch? A. I should judge they were about eighteen feet on the track. Q. Which car was nearest the traveled track? A. That I would not say. Q. What trouble, if any, did you have in getting through there?"

Defendant objected to the question as incompetent and irrelevant.

The Court: It is competent for the plaintiff to show that other horses, which were ordinarily safe in the roadway, were frightened at these cars standing there as alleged, in this street, and if it is proposed to show that Mr. Miller's horses were such horses and were frightened by the cars, and that the cars were then standing in the same position as they were at the time of

the alleged accident to Mr. Rusterholtz, the evidence would be competent.

Mr. Torry, of counsel for plaintiff: That is what we intend to prove.

The Court: To that effect the evidence is admitted, the objection is overruled and an exception is sealed for the defendant.

"A. When I was within about twenty-five or thirty feet my horses refused to go through. Q. How did you get through? A. I think I used the whip in order to get them through. Q. At what did they frighten, why didn't they go through? A. Because they were afraid of the obstructions, I suppose. Q. At what did they frighten? A. I think it was at the car." [1]

Defendant's points and the answers thereto among others were as follows:

1. If the jury find from the evidence that the horse of the plaintiff was frightened at defendant's car standing on the north side of Eighteenth street, and shied and plunged to the south as plaintiff rode west over the car works switch, and that when he returned he stood in Eighteenth street within fifteen feet, or thereabouts, of the west side of the said car by the side of his horse, it was his duty to have led said horse past said car at a distance from said car of more than two or three feet, or to have taken some safe road to his home, and having failed to do this he is not entitled to recover, and your verdict should be in favor of the defendant. *Answer:* There are several elements embodied in this point, some of which involve questions of fact which are for the jury to determine. The point as a whole cannot be affirmed. For instance, it assumes that there was another safe road within plaintiff's knowledge, which is a question for the jury; as is also the question whether plaintiff should have led or ridden his horse past the cars. [3]

2. If the jury find from the evidence that the plaintiff, A. J. Rusterholtz, rode his horse westwardly along Eighteenth street the evening of the alleged accident, that in passing the cars of defendant company standing partly on the north side of said street his horse became frightened at said car, so that he shied and jumped to the south, that he, the said plaintiff, was acquainted with Cranberry street from Eighteenth street to Six-

teenth street, and with Sixteenth street from Cranberry street to Raspberry street, and with Raspberry street from Sixteenth to Eighteenth streets on which he lived and did business, that he had been in the habit of using said streets prior to the time of the alleged accident, then it was the duty of the said Rusterholtz, to have gone from Seventeenth street, on which Murphy, the man he had gone to see, lived, northwardly along Cranberry street to Sixteenth street and thence by Raspberry street to Eighteenth street, where he lived, and having failed to do this he was guilty of contributory negligence, and therefore cannot recover, and your verdict must be in favor of the defendant. *Answer:* Affirmed, provided the jury find that the streets named above aside from Eighteenth street, or any of them over which plaintiff might have reached his home, without passing by the cars in question, were safer than Eighteenth street; and also find that plaintiff had knowledge of such fact. [4]

4. If the jury find from the evidence that the natural and probable consequence of the location and situation of defendant company's cars was to frighten horses passing between said cars, and that plaintiff knew the location and situation of said cars, he was guilty of contributory negligence in riding his horse between them, and your verdict must be in favor of the defendant. *Answer:* Refused. Whether or not plaintiff was guilty of contributory negligence under all the circumstances of this case is a question for the jury. [5]

5. Under all of the evidence in the case the plaintiff is not entitled to recover, and your verdict should be in favor of the defendant. *Answer:* Refused. [6]

8. If the jury find from the evidence that the plaintiff's horse was frightened at the car or cars of defendant company on either side of the traveled roadway over defendant company's track in Eighteenth street, when plaintiff passed westwardly along Eighteenth street, so that said horse "shied and plunged to the south," and that within a few minutes thereafter, upon passing between said cars at the same place, going eastwardly, the plaintiff was riding the same horse, and the horse became frightened a second time at said cars, and threw said plaintiff against one of the cars or on the ground, and thereby said plaintiff was injured, he cannot recover, for the reason that he was guilty of contributory negligence, and your verdict should be in favor of

the defendant. *Answer:* If the jury find from all the evidence that the horse exhibited such fright when plaintiff rode past the cars going west on that evening as to have led an ordinarily prudent man to the conclusion that it would be unsafe to attempt to ride said horse back along Eighteenth street between said cars, then plaintiff was guilty of contributory negligence, and your verdict should be in favor of the defendant. [7]

9. If the jury find from the evidence that Eighteenth street, between Raspberry and Cranberry streets, in the city of Erie, was not opened and made a public street by the city of Erie to the width of fifty feet, but that a traveled way extended from Raspberry street to Cranberry street, over which the track of defendant company was laid, and that the cars of defendant company did not stand upon a part of said traveled way, then and in that case the defendant is not responsible for the damage complained of by the plaintiff. *Answer:* This point is declined, in the language in which it is drawn. A street may become a public street without having been formally opened and made a public street by express municipal action. You will remember what has been said to you upon this question in the general charge. [8]

10. If the jury find from the evidence that Rusterholtz was told by the former owners of the horse that he rode at the time of the alleged accident that it was dangerous for any one to attempt to ride said horse, and notwithstanding this notice he did ride said horse, and in going westwardly he passed defendant company's cars and said horse became so frightened that he shied and plunged, then it was the duty of said plaintiff to have returned by some other road to his place of business than by the road leading past defendant company's cars. And in case the jury further find from the evidence, that Cranberry street was a safe street to travel northwardly to Sixteenth street, and along Sixteenth street to Raspberry street, and thence to his place of business in Eighteenth street, and also that Cranberry street south from Eighteenth street, and Twentieth, or Twenty-first, or Twenty-second, or Brown's avenue, and Raspberry street, and Cascade street, and Eighteenth street, and thence to his home, was a safe and good road for him to travel, then and in that case the plaintiff cannot recover, and your verdict should be in favor of the defendant. *Answer:* Affirmed, provided the

jury find that plaintiff knew of the safe condition of such other streets or any of them by which he might have returned safely to his home without traveling Eighteenth street by the cars in question. [9]

11. If the jury find from the evidence that the plaintiff, Rusterholtz, passed westwardly along Eighteenth street, between the cars of the defendant company, on horseback, within half an hour or thereabouts of the time of the accident, and knew of the location and situation of the cars of the defendant company, and then with a full knowledge of the situation and location of the same, returned eastwardly between said cars, riding horseback, upon the same horse, when the plaintiff could have avoided going between said cars by returning upon Sixteenth, Twentieth, Twenty-first, Twenty-second or Twenty-third streets, or Brown's avenue, the plaintiff was guilty of contributory negligence, and cannot recover. *Answer:* Affirmed, if the jury find that such streets, or any of them, by which plaintiff might have reached his home without traveling Eighteenth street past the car in question, were in safe condition, and also that plaintiff had knowledge of such condition. [10]

13. It appearing from the evidence of the plaintiff that Sixteenth, Twentieth, Twenty-first and Twenty-second streets, and Brown's avenue, between Cranberry and Raspberry streets, had been opened and traveled for many years preceding the occurrence of the alleged accident; that the plaintiff had lived on the south side of Eighteenth street between Raspberry and Cascade streets since 1892; that Cranberry street is the second street west of Cascade street, and is the western boundary of the city of Erie, and is opened and traveled from Twenty-sixth street on the south to Sixteenth street on the north; that the block from Cascade to Raspberry is 660 feet in length; that the block from Raspberry to Cascade street is 660 feet in length; that the blocks between Eighteenth and Twenty-third streets are 270 feet in width; that the block between Seventeenth and Eighteenth streets is 270 feet in width, the plaintiff was presumed to know the streets were opened and traveled. *Answer:* You should consider where the plaintiff lived and the length of time he had lived and been in business there, and the nature of his business, and also all the evidence in the case bearing upon this branch of the case, and then determine as a

matter of fact, whether or not plaintiff knew that the streets named in this point were opened and traveled. [11]

14. If the jury find from the evidence that the plaintiff passed between the cars on Eighteenth street a few minutes before the accident, and when so passing between said cars his horse was frightened, and that at that time Sixteenth, Twentieth, Twenty-first, Twenty-second, Raspberry and Cranberry streets and Brown's avenue, were traveled public highways, over and along which the plaintiff might have returned home in safety, and if the jury find that the plaintiff returned home on Eighteenth street between said cars, and in doing so his horse was again frightened and the accident thereby occurred, the plaintiff was guilty of contributory negligence and cannot recover. *Answer:* Affirmed if the jury find that plaintiff had knowledge of such safe condition of the streets above mentioned aside from Eighteenth street. [12]

15. If the cars on Eighteenth street caused the horse of plaintiff to take fright and plunge as plaintiff was passing westwardly between them, but a few moments before the time of the accident, that fact was notice to the plaintiff that his horse was afraid of the cars, and if the jury find that the plaintiff returned and passed between said cars after having received said notice and his horse was again frightened by said cars standing in Eighteenth street, the plaintiff was guilty of contributory negligence and cannot recover. *Answer:* Affirmed if the jury find the conduct of the horse as he passed this car, going west, was such as to lead an ordinary prudent man to the conclusion that it was dangerous to attempt to ride said horse back between said cars. [13]

The court charged in part as follows:

[Was there another safer road which plaintiff might have taken on his return? This is a question of fact for you. Much testimony has been offered upon that subject, many witnesses have been examined, and you should remember all the testimony upon that question. It is contended by the defendant that, when he was at Seventeenth and Cranberry streets, there was a good road north on Cranberry street to Sixteenth street, and then east on Sixteenth street to Raspberry street, and then south on Raspberry street to Eighteenth street; and

it is contended it was the duty of the plaintiff to have returned by such route. . . .

Whether the other streets, these streets I have named, were in good condition, whether plaintiff knew they were in good condition, whether it was safer for him to go that way, are questions of fact for you to determine. If you find that he did not know Cranberry street was opened from Seventeenth street north to Sixteenth street—there is also some evidence tending to show that a part of Cranberry street between Seventeenth and Sixteenth streets has only been opened to the width of thirty feet, and that there is a turn in the road, and some evidence tends to show that there is a ditch down there—whether that extends into the road or not you will remember from the testimony.

Now, in considering the question as to whether or not plaintiff had knowledge of these other streets, consider where he lived, on Eighteenth street between Raspberry and Cascade streets, consider the length of time he had lived there and the nature of the business that he was in. Consider also that he had formerly been in the oil business; and that there is some evidence that at some time, perhaps some years before this, he had worked a piece of ground on the north side of Sixteenth street between Cranberry and Raspberry streets. Now consider all these facts and decide whether or not plaintiff knew of these other streets, provided you find that the other streets were safer than the street he took.] [14]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (3-14) above instructions, quoting them.

*J. M. Sherwin* and *S. A. Davenport*, for appellant.—The evidence of what happened to the horse of George Miller at this crossing on the day following the day of the accident is not evidence in this case: Pitts. So. Ry. Co. v. Taylor, 104 Pa. 312; Baker v. Irish, 172 Pa. 532; B. & O. R. R. Co. v. Colvin, 118 Pa. 230; Lahr v. Northern Cent Ry. Co., 98 Pa. 316.

If plaintiff was standing on the ground west of the switch and within fifteen feet of the same, and knowing that his horse

was afraid of the cars, it certainly was his duty to lead his horse past these cars instead of mounting within a few feet of the cars and then passing between them: Keeley v. Shanley, 140 Pa. 213; Cresent Twp. v. Anderson, 114 Pa. 643.

If one deliberately drives his horse up to an object, knowing that his horse will frighten, he assumes the risk of the frightening of his horse and must therefore take the consequences: Winner v. Oakland Twp., 158 Pa. 405; Pitts. So. Ry. Co. v. Taylor, 104 Pa. 306; Keeley v. Shanley, 140 Pa. 213.

The testimony of the plaintiff as to the condition of Sixteenth street and Cranberry street from Brown's avenue to Sixteenth street should be taken strongly against himself: Lynch v. City of Erie, 151 Pa. 381.

The cases are numerous in Pennsylvania to the effect that the plaintiff, in order to recover, must show negligence on the part of the defendant, and that the same must not be left to inference, or mere supposition or conjecture: Stager v. Ridge Ave. Pass. Ry. Co., 21 W. N. C. 131; Pitts. So. Ry. Co. v. Taylor, 104 Pa. 306; Stringent v. Ross Twp., 179 Pa. 616.

A numerous and well established line of cases in this state and in many other states include within the rule of contributory negligence all those cases where a traveler on the highway voluntarily undertakes the risk of passing near or over a dangerous obstruction, the existence of which he had knowledge or notice : Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Dick v. Williams, 130 Pa. 41; Hazel v. Pass. Ry. Co., 132 Pa. 101; Haverly v. R. R. Co., 135 Pa. 58; Carr v. Easton City, 142 Pa. 143; Hill v. Tionesta Twp., 146 Pa. 11; Ewing v. P. C. & St. L. Ry. Co., 147 Pa. 44; Vallo v. U. S. Exp. Co., 147 Pa. 408; Haven v. Bridge Co., 151 Pa. 628; Winner v. Oakland Twp., 158 Pa. 405; Behling v. Pipe Lines, 160 Pa. 365; Klages v. Terminal Co., 160 Pa. 388; Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438; Boyle v. Mahanoy City, 187 Pa. 1; Mitchell v. Stewart, 187 Pa. 225; Kibele v. Phila., 105 Pa. 41; Sheridan v. Krupp, 141 Pa. 564; D., L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Crescent Twp. v. Anderson, 114 Pa. 643; Phila., Wilm. & Balt. R. R. Co. v. Stinger, 78 Pa. 219; Mueller v. Ross Twp., 152 Pa. 399; Myers v. B. & O. R. R. Co., 150 Pa. 386.

If the danger is obvious to the plaintiff, and he voluntarily

takes the risk, or runs the chances of injury, he is guilty of contributory negligence and cannot recover: Union Pacific Ry. Co. v. Hutchinson, 39 Kan. 485; Ft. W. & D. C. Ry. Co. v. Taliaferro, 19 S. W. Rep. 432; Meridian v. Hyde, 11 Southern Rep. 108; Morgan v. Cent. R. R. Co., 77 Ga. 788; Glascock v. Central Pacific R. R. Co., 73 Cal. 137; Barrett v. Town of Walworth, 19 N. Y. Sup. Ct. 557; Belton v. Baxter, 54 N. Y. Rep. 245; Thompson v. Cincinnati, Lafayette & Chicago R. R. Co., 54 Ind. 197; Durkin v. City of Troy, 61 Barbour, 437; Payne v. Reese, 100 Pa. 301; Lees v. R. R. Co., 154 Pa. 46; Sheridan v. Krupp, 141 Pa. 564; Myers v. B. & O. R. R. Co., 150 Pa. 386; Forks Twp. v. King, 84 Pa. 230; Penna. R. R. Co. v. Mooney, 126 Pa. 244; Marland v. R. R. Co., 123 Pa. 487; Perry Twp. v. John, 79 Pa. 412; Barnes v. Sowden, 119 Pa. 53; Lumis v. Phila. Traction Co., 181 Pa. 268; D., L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Dehnhardt v. City of Phila., 15 W. N. C. 214; Fleming v. City of Lock Haven, 15 W. N. C. 216.

*Geo. A. Allen,* with him *L. E. Torry* and *L. Rosenzweig,* for appellee.—Evidence was admissible to show that other quiet and safe horses had been frightened from the same cause at the same place: Potter v. Nat. Gas Co., 183 Pa. 575; Baker v. North East Borough, 151 Pa. 234.

We cannot understand how the court, in the case at bar, could say that the conditions and circumstances under which the appellee was injured were of a fixed and invariable standard: Fisher v. Ry. Co., 131 Pa. 292; Schum v. Penna. R. Co., 107 Pa. 8; Penna. R. Co. v. Coon, 111 Pa. 430; Penna. R. Co. v. White, 88 Pa. 327; Penna. R. Co. v. Peters, 116 Pa. 206; R. R. Co. v. McElwee, 67 Pa. 311; Born v. Plank Road Co., 101 Pa. 334; Hogan v. Twp. of West Mahanoy, 174 Pa. 352; City of Altoona v. Lotz, 114 Pa. 238; Merriman v. Phillipsburg Boro., 158 Pa. 78; Wellman v. Borough of Susquehanna Depot, 167 Pa. 239; Mechesney v. Unity Twp., 164 Pa. 358; Forks Twp. v. King, 84 Pa. 230; Stokes v. Twp. of Ralpho, 187 Pa. 333; Potter v. Nat. Gas Co., 183 Pa. 575.

OPINION BY MR. JUSTICE FELL, May 8, 1899:

Upon its facts this is a very close case, but the only question

of law now presented which is at all doubtful is whether the case should have been taken from the jury on the ground of the contributory negligence of the plaintiff. The plaintiff's allegation of negligence was that the defendant had allowed its cars to stand at a crossing of a public street in such a position as to be dangerous to travelers. In proof of this allegation and of his injury he produced testimony tending to show that, for a number of days immediately preceding the accident, the defendant's cars had stood at the crossing in such a position as to obstruct the middle of the street, leaving a passageway only about ten feet wide at one side; that ordinarily quiet horses were liable to shy when driven or ridden through this narrow passageway; and that in riding through it at night his horse, which was quiet and tractable, had shied at the car on one side and thrown him against the car on the other. This testimony entitled him to go to the jury on the question of defendant's negligence.

The main contention of the defendant is that the plaintiff had full knowledge of the danger caused by the presence of the cars, and of the disposition of his horse to shy at them; that by riding between them with that knowledge he voluntarily assumed the risk of a known danger, and that the court should have held as matter of law that in so doing he was guilty of such contributory negligence as to preclude a recovery. It appears that he was thrown and injured while returning to his home; and that some fifteen or twenty minutes before, while going from his home by the same route, he had ridden between the cars, and that on that occasion also his horse had shied and jumped to one side. Whether there was another route, safe for travel and known to the plaintiff, by which he could have returned to his home was in dispute at the trial. On this question the weight of the testimony was undoubtedly with the defendant, but it was nevertheless clearly a question for the jury, and was submitted to them with the instruction by the court that if the plaintiff knew of another way which was safe he was bound to take it, and that his failure to do so would defeat his action. The defendant could not have desired a more favorable instruction than this. But on the other question the court could not have said as matter of law that the plaintiff was under the circumstances guilty of contributory negligence in attempting to

return between the cars because his horse had shied in passing them a few minutes before. The fright of the horse had not been severe, or of such a character as to indicate danger. He was a work horse which had before been driven by the cars without noticing them; and on this occasion, as described by the plaintiff, "he shied at the car, frightened a little, the same as any horse that shies at anything." On this subject the instruction of the court was that if the horse exhibited such fright in passing the cars when the plaintiff rode him from his home as would lead an ordinarily prudent person to conclude that it would be unsafe to ride back on the same street, the plaintiff was guilty of negligence in so doing. This instruction, we think, was clearly right. The danger was not an obvious one, as in the case of a patent defect in the roadway; nor was the duty one to be determined by a fixed standard. It depended upon the circumstances of the particular case. The measure of duty was ordinary and reasonable care. If the horse had shown a high degree of excitement, or had become unmanageable when first crossing the tracks, it might safely be said that it was imprudent to attempt to recross them while riding him; but nothing had occurred which would have warranted the court in saying that the plaintiff should have known in advance that it was unsafe to ride him back. Where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury: Penna. R. Co. v. White, 88 Pa. 327; Penna. R. Co. v. Peters, 116 Pa. 206.

There was some question at the trial whether the street on which the cars were standing was a public street. There was evidence that, as early as 1873, a resolution had been passed by the councils of the city of Erie directing an ordinance to be drawn for the purpose of opening the street, and that the street had been used as a public highway for more than twenty-one years. The evidence tending to show that it was a public street was ample to require its submission to the jury.

We find no error in the rulings of the learned judge, and the judgment is affirmed.