# Hudson *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Safety gates—Negligence of watchman—Contributory negligence—Case for jury.*

1. In an action against a railroad company to recover damages for personal injuries sustained by the plaintiff from a safety gate being lowered upon him, the question of defendant's negligence and the plaintiff's contributory negligence is for the jury, where the evidence tends to show that the plaintiff approached the crossing riding upon a bicycle; that he was moving slowly, and looking and listening for approaching trains; that the safety gate was up; that the gatekeeper saw the plaintiff when the latter was about forty feet away, but turned and looked in another direction without paying further attention to him; that shortly thereafter in obedience to what he supposed was a signal, he lowered the gate with the result that one of its projecting arms struck and seriously injured the plaintiff.

2. The rule that a person about to cross a railroad track must stop, look and listen, applies only to risks which arise from the passage of cars over the crossing. It is not applicable to a danger arising from the lowering of a safety gate.

Argued March 4, 1913. Appeal, No. 22, March T., 1913, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1910, No. 590, on verdict for plaintiff in case of Archie Hudson v. Lehigh Valley Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

At the trial it appeared that the plaintiff was injured on October 8, 1909. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,400.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Woodward*, of *Wheaton, Darling & Woodward*, with him *P. F. O'Neill*, for appellant.—The failure to stop immediately before crossing a railroad track is negligence per se, and this is for the court.   The rule is unbending: Penna. R. R. Co. v. Beale, 73 Pa. 504; Ritzman v. R. R. Co., 187 Pa. 337.

It is also settled that the traveler is not relieved of this duty by the fact that the safety gates are up: Greenwood v. Phila. etc., R. Co., 124 Pa. 572; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297.

Nor is a bicycler's stop sufficient: Robertson v. Penna. R. R., 180 Pa. 43.

It was the duty of the gateman to close the gates: It was the duty of the traveler to stop, and the gateman had a right to presume that he would do so: Peck v. N. Y., N. H. & H. R. R., 14 Am. & Eng. Ry. Cases, 633.

*Frank P. Slattery*, for appellee.—The gateman could have stopped the gate at any point in its descent.   He had no right to assume that a person whom he may have seen on the sidewalk would not pass under the gate: O'Keefe v. St. Louis & S. F. R. Co., 83 S. W. Repr. 308; Feeney v. Long Island R. Co., 39 Am. and Eng. Ry. Cases, 639.

The plaintiff was not guilty of contributory negligence: Smith v. Atlantic City R. R. Co., 49 Atl. Repr. 546; Sager v. R. R. Co., 37 Am. & Eng. Ry. Cases, 670; Roberts v. Canal Co., 177 Pa. 183.

OPINION BY HENDERSON, J., July 16, 1913:

The appellant complains of the refusal of the court below to give binding instructions for the defendant or to enter

judgment non obstante veredicto.   The defense pre-
sented at the trial was that the evidence did not show
negligence on the part of the defendant and that the plain-
tiff's case disclosed his own negligence.   The facts are not
complicated and may be briefly stated: The plaintiff was
riding on a bicycle on the sidewalk along Dana street
in the city of Wilkes-Barre across which street the tracks
of the defendant company are laid; a safety gate is located
at the crossing a projecting arm on which extends over the
sidewalk when the gate is down; the gates were raised
and lowered by a watchman who occupied a station from
which he also operated the safety gates on the other side
of the crossing maintained by the Pennsylvania Railroad
Company whose tracks are parallel to those of the defend-
ant and in close proximity thereto; the accident occurred
in the middle of the forenoon as the plaintiff was passing
under the safety gate at the east end of the crossing and
was caused by the dropping of the gate arm on him as
he was about to pass over the tracks; as shown by the
plaintiff's evidence he was moving slowly and looking
and listening for approaching trains; he observed that the
gate was up and not hearing or seeing any moving engine
or car he proceeded along the street; the gate keeper saw
the plaintiff approaching the track when the latter was
about forty feet from the gate but turned and looked in
another direction thereafter and paid no further attention
to him; hearing what he understood to be a signal to close
the gates he lowered the gate over the walk where the plain-
tiff was riding and as a result a very serious injury was
sustained by the plaintiff.   It was asserted by the gate
keeper in his testimony that the gate was lowered before
the plaintiff reached it, but the jury was satisfied as it
well might have been from the evidence that the accident
occurred in the manner stated by the plaintiff.   It was not
alleged that the apparatus for lowering and raising the
gate was not in good working order or that there was any
difficulty in controlling the movement of the gate from
the position and with the facilities which the gate keeper

had. It was manifestly his duty to lower the gates with due regard to the safety of persons who might be on the street or the sidewalk and when as in this instance it was known that a traveler was approaching the gate the full duty of the watchman was not performed when he lowered it without observing whether it was about to fall on a passer-by. The drop of the gate could easily have been arrested, and it was a question for the jury under the evidence whether the watchman exercised such care as the situation demanded. To hold as a matter of law that he owed no duty to those passing on the street but might on a signal to close the gates permit them to fall on anyone happening to be there would establish a rule in contradiction to the general doctrine of the exercise of care which has been established in this state by many cases.

The question of the plaintiff's contributory negligence we also regard as one to be disposed of by the jury. If the plaintiff exercised care in observing the position of the gate and the condition of the tracks over which he was about to pass and was moving at the speed which is shown by his testimony it cannot be said that he was proceeding without the exercise of care. The rule declared in Penna. R. R. Co. v. Beale, 73 Pa. 504, and in numerous later cases, which holds that the failure to stop immediately before crossing a railroad track is negligence per se was only intended to apply to those risks which arise from the passage of cars over the crossing. There is no reason why a traveler should stop in the presence of a safety gate so far as danger from the gate is concerned. Seeing a gate in an elevated position he would be in no better situation to determine whether it was likely to fall on him if he stopped to look at it than if he observed it while he was moving along. The plaintiff testified that there was no sound of car or whistle as he approached the track and no apparent reason for lowering the gates. The watchman alleged that he received a signal to lower although the testimony for the plaintiff was that no car passed over the crossing at that time. Conceding that the signal

was given from a locomotive not then in motion, as the watchman admits, to close the gates, there was nothing to prevent him from doing this with deliberation and care. The fact that the gate was open was a circumstance bearing on the care to be exercised by the plaintiff as it was an invitation to him to cross: Roberts v. D. & H. Canal Co., 177 Pa. 183.

The case lacks the clearness and certainty which would justify the determination that negligence of the defendant did not exist or that the plaintiff is chargeable with contributory negligence. It was, therefore, a case for the jury.

The judgment is affirmed.