# Tustin *v.* Hawes, Appellant.

*Negligence—Collision between bicycle and automobile—Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained in a collision between a bicycle and an automobile, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury, where the evidence tended to show that at the time of the accident plaintiff while riding a bicycle approached a cross-street; that when within five feet from the house line he saw defendant's automobile approaching on the cross-street at a distance variously estimated of from one hundred to one hundred and seventy feet; that he turned to go in the same direction as the automobile; that when he got onto the cross-street his bicycle was struck in the rear wheel by the automobile; that the automobile was going fast; that the driver, as he approached the crossing instead of slackening his speed, increased it; and that the driver was intoxicated.

Argued Oct. 12, 1915. Appeal, No. 11, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June 9., 1912, No. 1453, on verdict for plaintiff in case of Richard B. Tustin v. Levin E. Hawes. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*George J. Edwards, Jr.,* for appellant, cited: Nicodemus v. McMullin, 185 Pa. 531; Taylor v. Union Traction Co., 184 Pa. 465; Gould v. Union Traction Co., 190 Pa. 198; McCracken v. Consolidated Traction Co., 201 Pa. 378.

*Ernest E. Prevost,* with him *Joseph P. Rogers,* for appellee, cited as to contributory negligence: Keile v. Kahn, 30 Pa. Superior Ct. 416; Philadelphia & Reading Ry. v. Hummell, 44 Pa. 375; Russell v. Westmoreland County, 26 Pa. Superior Ct. 425; Hess v. Baltimore & Ohio R. R. Co., 28 Pa. Superior Ct. 220.

OPINION BY TREXLER, J., March 1, 1916:

The plaintiff was riding a bicycle on Fifteenth street and was approaching Mifflin street, when within five feet of the house line on Mifflin street, he saw defendant's automobile approaching at a distance of about 100 to 125 feet, or according to the testimony of one witness, 170 feet. He turned to go in the same direction as the approaching automobile, but when he got onto Mifflin street, his bicycle was struck in the rear wheel by defendant's automobile. Testimony was offered that the automobile was going fast, and that the driver, as he approached the crossing, instead of slackening his speed, increased it. There was evidence in the case that the driver was intoxicated. Either he did not see the bicycle, or did not make any attempt to avoid it.

We think the plaintiff may have been warranted in believing that he would not incur any danger if he would veer around onto Mifflin street, and pursue his way in the same direction as the automobile. The collision was not at right angles, but the automobile struck the bicycle, as was stated before, in the rear. The plaintiff may have been negligent but the inference of negligence from the facts as presented is not so plain as to become a matter of law. We cannot see that the plaintiff acted differently from the ordinarily prudent man confronted with the same circumstances. The plaintiff seemed to apprehend the danger; he saw the automobile coming; he had to make up his mind quickly. He was not charged with the foresight that would warn him of the fact that defendant would increase his speed, and thus render his attempts to get out of his way, abortive. The

law does not require any one to presume that another may be negligent. The case of Nicodemus v. McMullin, 185 Pa. 531, cited by appellant as ruling the case at bar, is not controlling. A reading of the facts as presented in a rather meagre report of the case, discloses no evidence of negligence on the part of a driver of a team, and the case appears to have been ruled upon the absence of any evidence of want of care on his part.

In this case there was evidence enough to fix the negligence of the defendant, in fact, the court in its charge said, "that the evidence is uncontradicted that he was grossly negligent." Whether the plaintiff's negligence contributed to the accident, was a question for the jury.

The assignments of error are overruled. Judgment affirmed.