# Tommasulo v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Trolley cars—Automobiles — Collision— Case for jury.*

In an action for damages for injuries to an automobile, caused through a collision with a trolley car, the case is for the jury, where it appeared that when the plaintiff came to the house line of an intersecting street he saw a car approaching, and, instead of stopping or attempting to cross in front of the car, he turned the corner so as to proceed in the same direction as the trolley, and the rear of his automobile was struck by the trolley car, which had jumped the track, and the force of the collision carried the automobile twenty-four feet and the trolley car to the curb.

Argued Oct. 16, 1918. Appeal, No. 23, Oct. Term, 1918, by defendant, from judgment of Municipal Court of Philadelphia, Feb. Term, 1917, No. 352, on verdict for plaintiff in case of Antonio Tommasulo v. Philadelphia Rapid Transit Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to automobile. Before KNOWLES, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $725 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Sydney Young,* for appellant.

*Joseph L. McAleer,* for appellee.

OPINION BY TREXLER, J., March 12, 1919:

The plaintiff's narrative is that he was driving an automobile on Fitzwater street early on the morning of a

rainy day. When he came to the house line of Tenth street he saw a trolley car approaching and instead of stopping or attempting to cross in front of the car he turned the corner so as to proceed in the same direction as the trolley car. The rear of his car was struck by the trolley car which had jumped the tracks. Plaintiff's car at the time of the collision was not on the tracks of the defendant company. The force of the collision carried the automobile twenty-four feet and the trolley car to the curb.

We do not think there is any evidence in the case necessarily showing contributory negligence on the part of the plaintiff. The plaintiff's turning the corner would not, ordinarily have brought him into collision with the car for if the car had kept the track he would not have been struck. We think the jury could conclude the plaintiff was warranted in believing that he would not incur any danger if he would veer around the corner instead of going across the street: See Tustin v. Hawes, 62 Pa. Superior Ct. 205.

The more serious question is as to whether there is sufficient evidence to show negligence on the part of the defendant company. It is the rule of law in Pennsylvania that in cases where the relation of carrier and passenger is not present, the plaintiff must offer evidence that the defendant carrier was negligent: Kepner v. Traction Co., 183 Pa. 24. It was said in Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364, that there are many such cases in which it is not required that the facts relied on to show negligence be established by direct and positive proof. Thus it was held in Janock v. Baltimore & O. R. R. Co., 252 Pa. 199, that where a pedestrian was injured by the derailment of freight cars that an inference of the defective condition of the tracks or cars could be inferred from the speed of the cars and the curve of the track. We quote from the opinion in that case, "It no doubt will be conceded that freight cars do not ordinarily leave their tracks in rounding curves. When they do so, the natural

inference is either the tracks or cars were in a defective condition or the method of operating the train faulty. If circumstances are shown from which the jury would be justified in finding one of these causes, rather than another, was the origin of the accident, it is sufficient": See Dougherty v. Philadelphia R. T. Co., 257 Pa. 118; Sgier et al. v. Philadelphia & R. Ry. Co., 260 Pa. 343. The plaintiff was in a place of safety. The testimony of defendant's motorman was, that he could have stopped the car immediately as he was running with only "two points of power" but it appears he drove ahead with such speed as to propel plaintiff's auto across the street and sidewalk up to the wall of a house and the trolley car to the curb. The jury could from these circumstances draw the inference that the motorman, instead of taking the obviously prudent course of shutting off his power, increased it and the speed being accelerated, attempted to stop his car so suddenly as to cause it to jump the track and strike the plaintiff's vehicle.

It is still the rule of law that the happening of the accident in such cases as this one is not evidence of negligence but the quantum of proof necessary to establish negligence under such circumstances need be very slight: Geiser v. Pittsburgh Rys. Co., 223 Pa. 170. We think the matters involved in the case were properly left to the jury.

Judgment affirmed.