MISSOURI AND ARKANSAS RAILWAY COMPANY v. JOHNSON.

4-6766                                            162 S. W. 2d 475

Opinion delivered June 1, 1942.

*W. S. Walker* and *W. W. Sharp*, for appellant.

*H. M. McCastlain* and *J. H. Thompson*, for appellee.

SMITH, J. It appears from the testimony in this case that the Federal Government purchased, the State Highway Department installed and the appellant railway company maintains, electric traffic barriers at the point where highway No. 70 crosses appellant's railroad track

near the town of Wheatley. This point is only a short distance from appellant's depot in Wheatley. The testimony does not explain, but it is generally known, what the purpose of the barriers is, and how they operate. The railroad tracks run north and south and the highway east and west, and the crossing is at a right angle. There are barriers on both sides of the railroad track, which are raised to obstruct the highway as trains approach the highway traveling either north or south. The barriers are about 150 feet apart. The movement of the trains throws an electric switch, which raises the barriers, and they remain up until the train has proceeded and run on to another switch, which breaks the electric connection and the barriers are automatically lowered.

According to the testimony of appellee, and that of a companion who was driving with him in a truck, they approached this crossing at about 4:30 p. m., driving east. When they reached the railroad track the red light suspended in the center of the road over the tracks was burning and the barriers were up. A freight train was switching near this crossing, and this movement turned the lights off and on and raised and lowered the barriers as its operation connected or disconnected the electric current. When the barriers were down the traffic lights were green; when they were up the lights were red.

When appellee reached the first barrier on the west side of the track, he brought his truck to a full stop, as the barrier was up and the red light was showing. He waited until the light changed to green which is the "Go ahead" signal, and the barriers were lowered. He drove safely across the railroad track, but just as he reached the barrier on the east side it rose and the truck struck it and was deflected off the highway, and appellee sustained the injury to compensate which this suit was brought. The crossing was plainly in the view of the operatives of the train, but they gave no warning or signal by blowing the whistle or ringing the bell, or otherwise, that the engine of the train was about to make a movement which would result in the electrical connection which would raise the barriers and obstruct the traffic.

The railway company filed an answer, in which it "denied every material allegation contained in the complaint of plaintiff," and, further answering, alleged "that if the plaintiff suffered any injuries or damage, the same was due to his own negligence."

For some reason not explained in the record the defendant railway company did not appear at the trial, and the case was submitted to the jury under instructions of which no complaint is made.

The errors assigned in the motion for a new trial are that the verdict is contrary to the law; is contrary to the evidence; and is contrary to the law and the evidence, and that the court should have instructed a verdict for the defendant.

No complaint is made of the erection and maintenance of the barriers, and it is not questioned that they were operating properly and as it was intended that they should operate. Obviously, they were erected and maintained for the protection of the traveling public, and they would have afforded that protection had the operatives of the train not been unmindful of the fact that traffic would move on the highway and across the railroad track when the green light extended an invitation so to do.

There was a verdict and judgment for the plaintiff, from which is this appeal.

Whatever the truth may be, the undisputed testimony is to the effect that appellee was injured without fault or carelessness on his part as a result of the negligent failure of the operatives of the train to give notice and warning that it was about to move, thereby making the electric connection which would raise the barriers. Appellee stopped on the red lights, as it was his duty to do, and did not proceed across the tracks until the green light came on and gave assurance that he might cross in safety, but, without warning, according to the testimony offered by appellee, the movement of the train restored the electric connection and the barriers were raised just before appellee could drive the 150 feet intervening between the barriers and in time to strike the truck or to cause the truck to strike the barriers. In other words, the

appellee was trapped without warning between the barriers.

Citation of authority is unnecessary to support the finding of the jury that appellant was negligent in the operation of the barriers. However, numerous cases are cited in the brief of appellee like that of *Sgier* v. *Philadelphia & R. Ry. Co.*, 260 Pa. 343, 103 Atl. 730, where it was said by the Supreme Court of Pennsylvania that a railroad must exercise reasonable care in operating safety gates so as to protect travelers on the highway from the cars and from the gates, and like also the case of *Director General of Railroads* v. *State, for Use of Hurst*, 135 Md. 496, 109 Atl. 321, where it was said by the Court of Appeals of Maryland that whether a railroad was negligent in suddenly dropping safety gates on an automobile driver, after he had entered upon a crossing, so as to cause him to lose control of the automobile and collide with a train, was a question of fact for the jury. See, also, *Evans* v. *Lake Shore & Michigan Southern R. Co.*, 88 Mich. 442, 50 N. W. 386, 14 L. R. A. 223, and numerous other cases cited in Vol. 3, Elliott on Railroads (3d Ed.), § 1650, under the title "Signboards and gates at crossing."

Here, the questions of fact presented by the testimony were submitted to and passed upon by the jury, and the testimony supports the finding that appellee's injury was due to the negligence of the railway company in moving its train without warning.

No error appears, and the judgment must be affirmed. It is so ordered.