Olson, Admrx., *v.* Swain, Appellant.

Argued April 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Frank E. Reed,* with him *Harold L. Roth,* for appellant.

*Ralph E. Smith,* with him *Myron E. Rowley* and *Rowley & Smith,* for appellee.

OPINION BY RENO, J., July 23, 1948.

The minor, Carl H. Frederickson, was killed in the accident involved in this appeal, and his administratrix brought two actions in trespass against appellant, one (No. 105) for the wrongful death, and the other (No. 106) is a survival action. The cases were consolidated for trial and the jury returned a verdict for $393.95 in the wrongful death action, and $1.00 in the survival action. Plaintiff moved for new trials, and defendant moved for judgments n. o. v. The court below granted new trials; refused judgments n. o. v.; defendant appealed; and assigned as error the orders of the court below.

The court below based its orders for new trials upon the inadequacy of the verdict in the survival action, and, although the verdict in the wrongful death action was deemed adequate, it granted new trials in both ac-

tions, following *Vincent v. Philadelphia*, 348 Pa. 290, 35 A. 2d 65, which interpreted Pa. R. C. P. No. 213 (e). The granting of a new trial for inadequacy of a verdict is committed to the sound discretion of the trial court, and we interfere with its exercise only in clear cases of abuse of discretion. *Fabel v. Hazlett*, 157 Pa. Superior Ct. 416, 43 A. 2d 373. The recent case, *Murray v. Phila. Transportation Co.*, 359 Pa. 69, 58 A. 2d 323, which furnishes the base for instructions to the jury on the measure of damages, does not diminish the power of trial courts to grant new trials for inadequacy of verdict.

Appellant's argument upon the refusal of judgments n. o. v. is limited to the proposition that the deceased was guilty of contributory negligence as a matter of law. In reviewing the refusal, all conflicts in the testimony are resolved in plaintiff's favor, the evidence which supports the verdict is considered and all the rest rejected. *Balzer v. Reith*, 161 Pa. Superior Ct. 187, 54 A. 2d 64. Since plaintiff's minor is dead, there is a presumption that he exercised proper care in the circumstances, *Heath v. Klosterman*, 343 Pa. 501, 23 A. 2d 209, and this presumption is overcome, so as to render the question of contributory negligence a matter of law, only where undisputed testimony and the inferences drawn from it point to only one conclusion. *Schmidt v. P. & R. Ry. Co.*, 244 Pa. 205, 90 A. 569. The verdicts of the jury constitute a finding that the minor was not guilty of contributory negligence. *Kulka v. Nemirovsky*, 314 Pa. 134, 170 A. 261.

From the plaintiff's evidence the jury could have found that in the Borough of Ambridge, Duss Avenue, a four-lane cement highway, runs north and south, and is intersected at a right angle by Fourteenth Street. Traffic at the intersection is controlled by a signal light. At about 3 p. m., on a dry, clear, sunshiny day, the deceased was slowly riding a bicycle northwardly on Duss Avenue, near the center line between the north-bound and south-bound lanes of traffic. The traffic light

was green to traffic on that avenue. He entered the intersection, reached its center, and was about to turn to his left into Fourteenth Street when he was struck by appellant's automobile which was following him, travelling thirty-five to forty miles an hour, and attempting to pass the bicycle on its left side.

Appellant's argument is that the boy should have heard and *seen* the automobile approaching from his rear, and should have stopped his bicycle, or refrained from turning into Fourteenth Street, or continued northward on Duss Avenue, or turned to his right. Had the youth done what appellant now recommends the accident would probably not have happened, but the failure to do the suggested acts does not convict him of contributory negligence as a matter of law.

Under The Vehicle Code of May 1, 1929, P. L. 905, §102 (b), as amended, 75 PS §2, a bicycle is deemed a vehicle so far as its operation upon the public highways is concerned. The Code, §1011, 75 PS §546, provides: "The driver of a vehicle intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the centre line of the highway, and, in turning, shall pass to the left of the center of the intersection, keeping as close as shall be practicable to the center of the intersection, except that, upon streets laned for traffic and upon one-way streets, a left turn shall be made from the left lane of traffic in the direction in which the vehicle is proceeding." It also provides, §1008 (c), 75 PS §543: "The driver of a vehicle shall not overtake or pass any other vehicle, proceeding in the same direction . . . at any intersection of highways . . . ; Provided, That on a highway within a business or residence district, having two (2) or more marked lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle *on the right*". (Emphasis supplied).

The jury could have found that the youth was the first in the intersection, and, if so, had the superior right

there. He was apparently driving near the center line in order to make the left turn in obedience to the command of the statute. Nevertheless, he was required to proceed with due care. He was obliged to abstain from "conduct . . . which falls below the standard to which he should conform for his own protection . . .": Restatement, Torts, §463, approved in *Miller v. Erie,* 340 Pa. 177, 16 A. 2d 37. But the law does not require anyone to presume that another will be negligent, *Tustin v. Hawes,* 62 Pa. Superior Ct. 205, and the deceased was not obliged to assume that appellant would drive his automobile into the intersection at a speed of thirty-five to forty miles an hour and attempt to pass him there on his left.

If the evidence provides a base for the inference that he saw or heard appellant's approaching automobile, or should have heard or seen it, the inference must be drawn by the jury. The fact that the automobile and the bicycle collided at the right front fender and headlight of the automobile may support an inference, but it does not conclusively establish, that the youth was heedlessly making a left turn in the path of the approaching automobile, and ran into it. It does prove that at the moment of impact the automobile was on the left of the bicycle, and, comparing the speed of the automobile with that of the bicycle, there is a basis for the inference that the youth had committed himself to the left turn before he was struck, and was struck before he had completed the turn. "Where there is a doubt as to the inference to be drawn from the facts . . . the question of negligence is necessarily for the jury": *Rusterholtz v. N. Y., Chicago & St. Louis R. R. Co.,* 191 Pa. 390, 43 A. 208. "The plaintiff may have been negligent but the inference of negligence from the facts as presented is not so plain as to become a matter of law": *Tustin v. Hawes,* supra, p. 206. We cannot declare him guilty of contributory negligence unless the evidence is so clear that fair and reasonable men could not disagree

as to its existence. *Pessolano v. Phila. Trans. Co.,* 349 Pa. 73, 36 A. 2d 497.

The youth was 13 years, 10 months old, and appellee advances the proposition that since he was less than 14 years old the question of his contributory negligence could in no event become a matter of law, and that the jury is the exclusive judge of that question. However, since we have concluded, upon the evidence concerning the circumstances of the accident, that he cannot be convicted of contributory negligence as a matter of law, we do not reach appellee's contention.

The orders in both appeals are affirmed.