## Commonwealth v. Ringer

*Dennis L. Makel,* assistant district attorney, for the commonwealth.

*Samuel S. Pangburn,* for defendant.

GILMORE, *J.,* January 16, 1989 — This matter is before the court on defendant's motion to dismiss the information. Defendant is charged with driving under the influence of alcohol or drugs. 75 Pa.C.S. §3731(a)(1) and (4).

The facts underlying the charges are not in dispute. Defendant was "operating" a three-wheeled, pedal-powered (tricycle) vehicle on Jefferson Avenue in the City of Washington. The circumstances of defendant operating the vehicle, while interesting, are not relevant. Defendant struck the rear of an automobile which resulted in the police being called. Defendant exhibited the usual signs of being under the influence and was taken to the city policy department for an intoxilyzer test. The results indicated a .142 percent blood-alcohol content and defendant was charged with driving under the influence.

Defendant moves for dismissal advancing two arguments: (1) operating a tricycle does not constitute operating a vehicle within the meaning of 37 Pa.C.S. §3731; and (2) if technically it does, given the increased criminality associated with driving under the influence in the last several years as

expressed by the legislature and the courts, coupled with the mandatory sentencing requirements (this is not this defendant's first offense) it should not because defendant's conduct is not the type of conduct, i.e. operating a motor vehicle capable of causing death or serious injury, which the law seeks to prevent.

The first argument is easily answered by the Vehicle Code itself.

75 Pa. C.S. §3731 provides:

"(a) *Offense defined* — A person shall not drive, operate or be in actual physical control of the movement of any *vehicle* while:

"(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;"

"(4) the amount of alcohol by weight in the blood of the person is .10 percent or greater."

75 Pa.C.S. §102 provides:

" 'Vehicle' as defined under the Vehicle Code is:

" 'Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks.' "

" 'Pedacycle' as defined under the Vehicle Code is:

" 'A vehicle propelled solely by human-powered pedals.' "

In *Olson v. Swain*, 163 Pa. Super. 101, 60 A.2d 548 (1948), the Superior Court deemed a bicycle as a vehicle so far as its operation upon the public highways. This court can see no difference between two and three wheels except the usual age of the operator.

As to the second argument, it is undoubtedly true the legislature contemplated "motor" vehicles in drafting 75 Pa.C.S. §3731 and in particular the mandatory sentencing requirements. The act, how-

ever, states "vehicle" without elaboration. Given the statutory construction above stated this court must assume all vehicles are contemplated, otherwise the legislature could have easily qualified "vehicle" in drafting 75 Pa.C.S. §3731. See Statutory Construction Act, 1 Pa.C.S. §1921(b).

## ORDER

And now, January 16, 1989, defendant's motion is denied.