## McCahan's Estate (No. 1).

*Decedents' estates—Claim for services—Rescission—Contract—Finding of fact.*

A finding of fact by the orphans' court based on sufficient evidence that a claimant against the estate of a decedent under a contract of employment had treated the contract as rescinded, will not be reversed in the absence of manifest error.

Argued March 24, 1908. Appeal, No. 51, Jan. T., 1908, by Annie Gertrude Taggart, from decree of O. C. Phila. Co., Jan. T., 1907, No. 551, dismissing exceptions to adjudication in Estate of Mary C. McCahan, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication of DALLETT, J.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*Francis Shunk Brown*, of *Simpson & Brown*, with him *E. L. Hallman* and *Robert S. Bright*, for appellant.

*John G. Johnson*, with him *Frederick S. Drake* and *John Weaver*, for appellee.

OPINION BY MR. JUSTICE ELKIN, May 4, 1908:

The assignments of error in this case, either directly or inferentially, relate to findings of fact by the learned auditing judge, and this appeal is intended to challenge the correctness of those findings. It is earnestly contended that there was error in finding as a fact that the appellant had treated the contract relied on as rescinded, and in not finding that she was wrongfully prevented from performing her part of the contract of service. It is contended for appellant that she had a contract of employment for a fixed period, and was wrongfully discharged before the expiration of the period, and that by reason of the wrongful discharge she could either sue for a breach of the contract at once or wait to the end of the contract period, even if she had not performed the service, her readiness to serve being considered the equivalent of performance within the meaning of the law. No doubt this is a sound rule of law, but it is predicated upon two essential conditions : first, that the servant had been wrongfully discharged, and, second, that she had tendered performance after the wrongful discharge. It will be observed that both conditions are dependent upon the facts, which, in the present case, have been found against appellant in these respects. The case, therefore, comes within the well-established rule that findings of fact by a court below will not be disturbed by an appellate court except for manifest error, nor is it sufficient to say that if the testimony had been before us in the first instance we might have found differently : Lazarus's Estate, 142 Pa. 104 ; Plankinton's Estate, 212 Pa. 235.

We do not find such manifest error in the essential findings of fact as would justify our disturbing the conclusion reached by the learned court below.

Assignments of error overruled and decree affirmed, costs to be paid out of the estate.