# Guaranty Motors Company *v.* Hudford Philadelphia Sales Company, Appellant.

*Pleading—Counterclaim—Sufficiency—Damages—Breach of contract to furnish goods for resale—Time for delivery—Sales—Anticipated profits.*

1. A counterclaim should be set forth with as much precision and exactness as is required in the statement of a cause of action upon which proceedings are instituted.

2. A counterclaim for damages resulting from the breach of oral agreements to furnish certain automobile units, is not sufficiently pleaded, where there is no averment specifying the time within which they were to be furnished, nor an averment that the plaintiff knew that they were for immediate use, nor that any sales of the units had been made, nor any contracts in existence relating to them, nor anything averred which would require the plaintiff to furnish them before the alleged default, it appearing that the contracts to furnish the units did not expire until eight months after that time. A statement that the defendant would have been able to sell the units, is merely an expression of hope and expectation.

3. A counterclaim for damages for breach of a contract to furnish goods for resale is not sufficiently pleaded, where it sets forth no facts from which loss of anticipated profits could be reasonably ascertained, even if they could be recovered.

*Pleading—Counterclaim—Unpaid salary—Wrongful discharge—Tender of performance after discharge.*

4. A counterclaim for salary after discharge from employment, which merely avers employment, discharge, and balance due is insufficiently pleaded for failure to aver wrongful discharge, tender of performance after discharge, and in what manner the salary was to be paid, whether monthly, quarterly or annually.

*Pleading — Contract to organize corporation — Writing — Oral transfer of stock—Time—Consideration—Services—Time of rendering—Notice to perform agreement.*

5. A counterclaim for damages for failure of plaintiff to comply with an agreement to transfer all business assets to a corporation to be thereafter formed and to transfer twenty-five per cent of the capital stock to the defendant for services performed under it, is insufficiently pleaded where it does not specify whether the contract was oral or in writing, nor aver when the services were performed, nor when the corporation was to be formed, nor that a reasonable time had elapsed in which to organize, nor that the plaintiff had been notified to proceed to perfect his part of the agreement.

Argued March 27, 1919. Appeal, No. 129, Jan. T., 1919, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1918, No. 3917, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Samuel W. Prussian, trading as Guaranty Motors Company v. Hudford Philadelphia Sales Company, a Corporation. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before AUDENRIED, P. J.

The affidavit of defense set up a number of counterclaims. The court was of opinion that they were not properly pleaded and directed judgment for plaintiff for $7,870.60, being the amount sued for less the sum of $1,-721.38. Defendant appealed.

*Error assigned* was the order of the court making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Walter Willard,* with him *Bronte Greenwood, Jr.,* for appellant.—A motion for judgment for want of a sufficient affidavit of defense is only proper, under the Practice Act of 1915, where such affidavit contains no set-off or counterclaim: Sturtevant Co. v. York Card & Paper Co., 27 Dist. Rep. 549.

*Wm. Findlay Brown,* with him *Charles B. Downs,* for appellee.—Damages claimed should be capable of being definitely ascertained.

In the absence of a special agreement, a vendor, by a failure to deliver, does not become liable for damages arising from the inability of the vendee to perform a contract for the resale of the article or for a loss of profits which might have been made on a resale: David v. Whitmer & Sons, 46 Pa. Superior Ct. 307; Kinports v. Breon, 193 Pa. 309; Pennypacker v. Jones, 106 Pa. 237; Clyde Coal Co. v. Pittsburgh & Lake Erie R. R. Co., 226 Pa. 391.

Unless defendant was wrongfully discharged he had no right of action against the employer: McCahan's Est., 221 Pa. 186.

OPINION BY MR. JUSTICE KEPHART, May 5, 1919:

This action was brought to recover for automobile equipment sold to the defendant. The affidavit of defense admits delivery, and the correctness of the prices charged, with some minor exceptions, which deducted, left a balance of $7,870.60; as a defense to this balance, and for a certificate, a number of counterclaims in the sum of $168,459 were interposed; the court below, on motion for judgment for want of a sufficient affidavit, held they were not well pleaded and directed judgment to be entered, from which defendant appeals.

A counterclaim should be set forth with as much precision and exactness as is required in the statement of a cause of action upon which proceedings are instituted. Three of the counterclaims advanced ask for damages resulting from the breach of oral agreements to furnish

certain automobile units. These agreements, containing similar terms, were with the defendants, the Hudford Company and the Hudford Sales Company; each claim is set out separately, but they are all subject to the same objection. The units called for in the contracts were commercial bodies to be fitted on the chassis of pleasure cars. There was nothing specifying the time within which the units were to be furnished, nor is there an averment that the appellee knew that the units were for immediate use, or that any sales of the units had been made, or of any contracts in existence relating to the units; nor is it pretended that any such agreements existed. The statement that the defendant would have been able to sell the units is merely an expression of their hope and expectation. There is nothing averred which would require the appellee to furnish the units before the alleged default; the contracts did not expire until eight months after that time. As a matter of fact, the defendant neglected to pay for all the units it had received, and the appellee was justified in refusing further shipments, as the appellant was clearly in default, and annullment of the contract could have been made on that account. Even if the contracts were well pleaded, the averment as to the damages suffered is incomplete; there are no facts set forth from which the loss of anticipated profits could be reasonably ascertained, even if they could be recovered. Without going into further detail, the affidavit does not set forth a single claim under any of the contracts that could be sustained. The assignments of the Hudford Sales Corporation of New York and the Hudford Company of Chicago were made to the Pennsylvania company shortly before suit was brought and after a demand for settlement had been made.

Another assigned claim was an unpaid salary account, amounting to $8,200, of William F. Hudson, employed by the appellee as a purchasing agent at a salary of $10,-000 per year; he was paid $1,800 and discharged shortly after employment. The affidavit does not show in what

manner the salary was to be paid, whether monthly, quarterly, or annually; nor that Hudson had been wrongfully discharged, or tendered performance after discharge. Both of these are essential to sustain a claim for wrongful discharge: McCahan's Est. (No. 1), 221 Pa. 186, 187.

Another claim was assigned to appellant by John Gerosa. It arose out of an agreement by the appellee to transfer all business assets to a corporation to be thereafter formed. Gerosa performed certain services under it, for which he was to receive twenty-five per cent of the total issue of capital stock; the plaintiff failed to comply with the agreement; Gerosa now claims the value of the stock as damages. The affidavit does not say when the services were performed, nor when the corporation was to be formed, or that a reasonable time had elapsed in which to organize, or that appellee had been notified to proceed to perfect his part of the agreement. The amount of capital was not set forth in the agreement, but was expressly left to the discretion of the plaintiff. No claim would arise until there had been some default or breach. The supplemental affidavit did not cure these defects, the subsequent agreement referred to, is not attached as it should be, if in writing; and, if oral, it should be specifically averred. What is here said of the Gerosa claim applies to that of his agent, Smith, with this in addition, there are no facts alleged showing a consideration passing between Smith and the appellee sufficient to support any claim or to form the basis of a cause of action. Both claims are insufficiently set forth in the affidavit. We do not pass on the merits of the counterclaims. They are not available in this case, as a defense, to bar a summary judgment, because they are not well pleaded.

The judgment of the court below is affirmed.