## Santomieri v. Boyajian, Appellant.

*Practice—Motion for continuance—Refusal of—Practice Act of 1915.*

The action of the trial court in refusing to grant a continuance because of amendment to statement of claim will not be reversed, where it appears that the defendant was fully prepared to meet the issue as it was tried, and sustained no harm by the refusal of the motion.

Argued October 8, 1926. Appeal No. 65, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, October T., 1924, No. 987, in the case

## 176    SANTOMIERI *v.* BOYAJIAN, Appellant.

of Peter Santomieri v. Michael Boyajian.    Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and
CUNNINGHAM, JJ.    Affirmed.

Assumpsit for commissions earned in selling real
estate.    Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The court found in favor of the plaintiff in the sum
of $195.76 and entered judgment thereon.    Defendant
appealed.

*Errors* assigned, among others, were the refusal
of the court to grant a continuance and various rul-
ings on evidence.

*Paul Reilly,* and with him *George E. Letchworth,
Jr.,* for appellant.

*Paul Van Reed Miller,* and with him *Fred Taylor
Pusey,* for appellee.

OPINION BY LINN, J., November 17, 1926:

This suit for commissions earned in selling real
estate was tried by a judge without a jury.    Plaintiff
and defendant contradicted each other in essentials.
We accept the findings of the judge because there is
evidence to support them.

Appellant complains that at the trial the court per-
mitted plaintiff to amend his statement of claim by
adding the word "oral" to the averment stating de-
fendant's obligation on which recovery was sought,
without granting his motion to continue the case on his
plea of surprise.    Appellant's brief does not suggest
how he was injured by proceeding with the trial; ap-
parently he was as fully prepared as he could have
been later; he seems to have known exactly what the
issue was.    The averment in the statement was not

well drawn in that it did not clearly appear that the contract was oral. Immediately after the statement was filed, defendant, under section 21 of the Practice Act of 1915, P. L. 483, moved to strike the statement from the record on the ground that it did not comply with section 9 of the Practice Act, by averring whether the contract was oral or written. That motion should have been granted, as the statement of claim was not clear on that point. But after the motion was refused, defendant filed his affidavit of defense making a clear issue on the merits. He followed this at the trial by evidence indicating that he knew precisely what he had to meet. In the circumstances, it is clear that defendant sustained no harm that would call for reversal; there was no abuse of discretion.

Judgment affirmed.