## Pomeroy's, Inc., v. Lavine

*William S. Middleton*, for plaintiff; *J. Dress Pannell*, for defendant.

HARGEST, P. J., May 4, 1931.—This case comes before us upon a motion to strike off the plaintiff's statement of claim.

The plaintiff brought this suit before Alderman John P. Hallman, of the City of Harrisburg, and, upon judgment having been rendered in favor of the plaintiff, the defendant appealed. The record of the alderman shows that the defendant was served personally; that she appeared in person with her counsel and that after hearing proofs and allegations judgment was rendered against her.

Subsequent to the filing of the appeal, the plaintiff filed a statement of claim which shows that the suit is brought upon a book account "taken from the plaintiff's books of original entry, hereto attached and made part hereof, and marked exhibit 'A.'" A motion to strike off the plaintiff's claim was made on the grounds (1) that the statement of claim does not contain any specific averment as to whether the contract was oral or written and (2) that it does not contain any specific statement as to whether the party defendant is "a widow or a married woman and living with her husband or otherwise."

1. Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defense," and further requires that every pleading shall have attached to it copies of all notes, contracts and book entries upon which the party relies. Section 9 of the Practice Act provides: "The statement of claim shall be as brief as the nature of the case will admit. In actions on contracts it shall state whether the contract was oral or in writing."

The provisions of sections 5 and 9 are not merely directory; they are mandatory and must be complied with: Schwartz v. Bank of Pittsburgh, 67 Pitts. L. J. 809, 811; Eagle v. Armstrong, 1 D. & C. 597, 599; Fuller v. Stewart Coal Co., 27 Dist. R. 512, 516; Santomieri v. Boyajian, 89 Pa. Superior Ct. 175, 177; Guaranty Motors Co. v. Hudford Philadelphia Sales Co., 264 Pa. 557, 561.

Is a suit on a book account such a contract within the meaning of the Practice Act, which requires the statement of claim to aver that it is either oral or written? There is no appellate case in Pennsylvania in point. The courts of common pleas distinctly differ. The courts of Lackawanna,* Luzerne, Sus-

quehanna, Philadelphia and Delaware Counties hold that the statute does not distinguish between an express and implied contract, but only between an oral and a written contract, and the pleader must, in any event, rely upon some sort of promise, either express or implied, oral or written, and must make an explicit averment on the subject; that an action on a book account involves a contract the character of which must be averred: Curtis *v.* Bortree, 26 Dist. R. 1056;* International Clay Machine Co. *v.* Keystone Clay Co., 29 Dist. R. 753; Binghampton Ice Cream Co. *v.* Nicholas, 2 D. & C. 603; Spector *v.* Walcot Mfg. Co., 10 D. & C. 333; Roxford Florine Co. *v.* Tollen, 17 Del. Co. Reps. 105. On the other hand, the courts of Berks, Allegheny, Lancaster, York and Schuylkill have held that an action on a book account is not within the requirement that the statement must aver whether the contract was oral or written: Hine *v.* Horn, 30 Dist. R. 499; Mook *v.* Janowitch, 14 D. & C. 565; Bartlett Garages, Inc., *v.* Kaier, 15 Schuyl. Legal Rec. 81; Marcus *v.* Woods, 2 D. & C. 140; Raub Supply Co. *v.* Forrest, 5 D. & C. 678; Austin-Western Road Machinery Co. *v.* Herr, 9 D. & C. 290; Myers Accessory House *v.* Campbell, 10 D. & C. 396; Steinman & Steinman *v.* Lenig, 11 D. & C. 214; Standard Cleaning & Dyeing Co. *v.* Knipple, 44 York 4. We are of opinion that the reasoning of the latter cases should prevail.

We have already said in Hamilton Brown Shoe Co. *v.* Cohen, 28 Dauph. Co. Reps. 314, 315, quoting from Bowden Construction Co. *v.* Hagenbuch, 6 D. & C. 132:

"An action upon an account stated is founded upon an implied promise that he against whom the balance appears has agreed to pay it to the other although there be no actual promise. It is only in actions founded upon express contracts that the statement of claim must show whether the contract is oral or written."

2. The defendant contends that suing her as "Mrs. Harry Lavine" does not bring her upon the record by a sufficient name or designation, and that she should have been sued by her Christian name.

In Kauffman *v.* Sherbondy, 22 Dist. R. 114, the defendants were designated as "Mr. and Mrs. E. E. Sherbondy." " 'Mrs. E. E. Sherbondy' is to describe her by a relative description, much the same as she would be described by the terms 'E. E. Sherbondy and wife'—a designation which imports no personal obligation by the wife. . . . . 'Parties must be designated *by name* and not by a mere description of the person in the process and judgment. The use of the words "and wife" following the name of the defendant in the summons issued by the justice and in the marginal statement of the judgment does not make the wife a party.' " In Doerr *v.* Graybill, 24 Pa. Superior Ct. 321, judgment was entered by an alderman against "George Graybill and wife." A transcript was filed in the common pleas court. Some time later a paper was filed in the common pleas signed by the alderman as follows:

"Mrs. Regina Doerr *v.* George Graybill and Mary Graybill (his wife). In the above suit I certify that there was judgment entered July 26, 1898, for plaintiff in the sum of $79.64 and costs. April 7, 1902, execution issued, and Constable Roerich makes return April 8, 1902, no goods."

On April 8, 1902, an attachment in execution in the common pleas was issued against "George Graybill and wife (who is Mary Graybill), defendants," and certain garnishees. Mary Graybill thereupon moved to have the attachment dissolved on the ground that there was no judgment to sustain it. The court below held that the effort of the alderman to amend the record in the common pleas and the effort to correct the defect in the attachment execution could not prevail.

The Superior Court affirmed, but said:

"This case is not within the purview of the statutes under which a misnomer may be amended after judgment. When a party is sued by a wrong name, but appears and defends on the merits, the record may be amended, either before or after judgment, by substituting his true name. In the present case, however, Mary Graybill was not sued by any name, and did not appear to the action. Hence there was nothing to authorize a judgment against her. If she could have been brought in as a defendant at any stage of the case, it could only be done before the alderman. There is nothing on the record to show that this was ever done."

The instant case is very different from the case just quoted and comes within the exception therein stated. The record affirmatively shows that the defendant not only appeared but she appeared with her counsel at the hearing before the alderman. She took no advantage of the fact that she was not properly named and after judgment was entered against her she took an appeal. The transcript was filed and she signed her name as "Mrs. Harry Lavine" to the affidavit attached to the motion to strike off the plaintiff's statement of claim. The instant case, therefore, differs from the case of Doerr *v.* Graybill, *supra*, because there the judgment was against "George Graybill and wife." As the Superior Court said, she "was not sued by any name, and did not appear to the action." Here the defendant was sued as Mrs. Harry Lavine and did appear to the action. Therefore, she is within the language of the Superior Court "when a party is sued by a wrong name, but appears and defends on the merits, the record may be amended either before or after judgment by substituting his true name." For these reasons we shall permit an amendment.

Now, May 4, 1931, the motion to strike off the plaintiff's statement of claim is hereby overruled. But the plaintiff must within ten days amend the statement by substituting the proper given name of the defendant instead of the name "Mrs. Harry Lavine," by which she was sued and under which she appeared and defended on the merits before the alderman.

From Homer L. Kreider, Harrisburg, Pa.

---

* But see Williamsport Die and Machine Co. *v.* Steel Shelving and Partition Co., 16 D. & C. 472.—[Ed.]