## Glowaskie et ux., Appellants, *v.* Rhoads.

Argued April 11, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*H. Mont. Smith,* with him *Louis Cohen* and *Hervey B. Smith,* for appellants.

*C. E. Kreisher,* with him *Geo. W. Moon,* for appellee.

OPINION BY MR. JUSTICE DREW, May 13, 1933:

Plaintiffs appeal from judgment entered on a verdict for defendant in an action by them for damages for the death of their son Henry, aged six, who was struck by an automobile driven by defendant.

The accident occurred on the state highway in front of the Tyson School lot, near the village of Numidia, Columbia County, on October 16, 1931, shortly after three o'clock. It was a bright, clear afternoon. Henry had been dismissed and with another pupil was going home. The plaintiffs produced no witnesses to the accident except the defendant and a guest who was riding with him, the only eyewitnesses, and from them developed the following facts: Defendant approached the school zone at a speed of about 25 miles an hour. He first saw the two boys when about 350 feet from them, and they were then on his left—the school side of the highway. They started to cross, but ran back when defendant blew his horn. When the car was about 200 feet from them, Henry ran across the road to a dog at the side of the highway. The other boy stayed where he was. Defendant had reduced the speed of his car to 15 or 18 miles an hour, so he stated, and was paying close attention to the boys. Just as the automobile was almost beside him, Henry, who was facing away from the approaching car, suddenly whirled around and ran directly into the path of the car. Defendant's attempt to avoid him by turning sharply away was unsuccessful, and the boy was struck by the right front fender and killed almost instantly.

In view of defendant's statement that he was running 15 or 18 miles an hour at the time of the accident, plaintiffs requested the court to charge the jury that in determining whether defendant was negligent they should consider, together with the other evidence, whether defendant was operating his car in violation of the provi-

sions of the Vehicle Code of May 1, 1929, P. L. 905, section 1002, imposing a speed limit of 15 miles an hour upon vehicles while passing a school building. The court affirmed the point, but added a qualification that the statute had no application to the case unless the jury found from the weight of the credible evidence that school had closed for the day at the time the accident occurred. This qualification plaintiffs assign as error.

Under the facts of this case, the qualification was entirely proper. The Vehicle Code, supra, fixes the speed limit at 15 miles an hour "during school recess or while children are going to or leaving school during opening or closing hours." At no other time is this condition imposed on automobiles passing through school zones. At all other times the Code makes it legal to drive at much faster speed in school zones. Of course due care under the circumstances must be observed at all times. By the Act of May 18, 1911, P. L. 309, section 1605, it is provided that unless otherwise determined by the board of school directors, the daily sessions of school "shall open at nine ante meridian and close at four post meridian." The accident happened between three and three-thirty. The school had not closed for the day. The regular closing hour was four o'clock, the time fixed by the statute, which had not been changed by the directors. The teacher, called by plaintiffs, testified that it was a one-room public school in her charge and that her custom had been to dismiss the first and second-grade pupils at three. She said that on that afternoon she had, in accordance with this practice, dismissed at three o'clock the four children in those grades. Henry was one of those pupils, and he and another little boy started home. The other pupils—two girls—remained behind to get their coats. The accident happened shortly thereafter.

The practice of the teacher in allowing a few children to go home at three o'clock in no sense changed the closing hour of the school. The closing hour was actually four o'clock, as fixed by the act of assembly and not

changed by the school directors. It was the regular time when the children generally left the school each school day. It was then that they were under the special protection of the statutory provision. It is easily seen that the act was intended to apply to those times when large numbers of children may be present on or near the streets or highways, going to or from school during opening and closing hours. It is evident that much greater care should be exercised at such a time, under such circumstances, than when, for instance, one or two, or four, pupils, excused from school before the closing hour, are on their way home. Such pupils would of course receive the full protection of the law, all drivers at all times being required to use due care under the circumstances, but clearly, so far as this provision of the Vehicle Code is concerned, it applies only "during school recess or while children are going to or leaving school during opening or closing hours." We cannot read into the act what is clearly not intended.

Judgment affirmed.