Miller et al., Appellants, *v.* Gutherie.

Argued January 18, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert T. Potts,* for appellants.

No appearance was made, nor brief filed, for appellee.

PER CURIAM, March 22, 1937:

The only question presented by this appeal is whether the court should have charged that appellee's driver was a trespasser on the highway where the accident took place. Appellants contend that his presence there was in violation of Section 4 of the Act of May 9, 1929, P. L. 1702. At the time of the accident a barrier was placed half way across the highway to detour traffic because of sewerage construction some distance away. There was a sign on the barrier which read, "Road under Construction," and an arrow pointing to another road with the word "Detour." The truck passed the barrier, and the collision occurred between it and the construction work. It was incumbent upon appellants to prove negligence in the operation of the vehicle, even if it be conceded the truck driver had no lawful right to proceed beyond the barrier. The violation of the Act would be material only if it appeared that the unlawful act of traversing a closed highway was the proximate cause of the collision. Appellants do not attempt to establish such causal connection and none existed.

Moreover, there is no evidence to warrant the conclusion that the truck driver was guilty of a violation of the above statute. It does not appear that the road had been "closed by proper authority" or the driver disregarded a danger sign, warning or barricade erected "under authority of [the] Act." The barrier only extended half way across the road and did not indicate in any way that the road was closed and should not be used.

For the above reasons the judgment of the court below is affirmed.