Ross et al. *v.* Reigelman, Appellant.

Argued April 22, 1940. 

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ. 

294

*Alvin R. Isenberg,* of *Service, McNeal, Cusick & Isenberg,* for appellant.

*Archie C. Voorhies,* of *Templeton, Whiteman & Voorhies,* for appellees.

OPINION BY BALDRIGE, J., July 19, 1940:

The collision, out of which this action of trespass arose, occurred shortly before one o'clock p. m. on October 6, 1938, in the borough of Greenville. The minor plaintiff was operating a motorcycle in a southerly direction on South Mercer Street, which is approximately 25 feet wide. The defendant, who had been driving an automobile in the opposite or northerly direction on that street, brought his car to a stop on the east side thereof, about a car's length south of the curbline on Washington Street, which intersects Mercer Street on the west side only, the east side being a dead end.

The minor plaintiff testified at the trial that he had been traveling before the accident at the rate of 15 or 20 miles an hour and was within about 75 feet of Washington Street when he first saw defendant's car standing on the east side of Mercer Street; that defendant started to make a lefthand turn in front of him to cross South Mercer Street when he was about 15 feet away. The defendant intended to enter Washington Street which is 22 feet 4 inches wide. To reach the place the collision occurred he had to go north 11 feet thence west across South Mercer Street 23 feet or a total distance of 34 feet. The minor plaintiff, when he saw defendant turn, put on his brakes and reduced his speed immediately before the impact to 4 or 5 miles per hour, but according to his testimony he was unable to prevent his motorcycle hitting the front fender of the automobile.

Defendant testified that when he began to move the

motorcycle was 150 feet distant and that he had ample time to cross the street. It is unnecessary to enter into a discussion of the conflicting stories relative to the accident. We are accepting, as we must, the minor plaintiff's testimony in the most favorable light. The trial resulted in verdicts in favor of the minor and his parents. This appeal followed.

The appellant's single assignment of error is to the refusal of the lower court to grant his motion for judgment n. o. v. He contends that Seymour Ross' testimony shows that it was physically impossible for the defendant, moving at about 7 to 8 miles an hour, to travel at least 33 feet to the place of the accident, while the minor plaintiff riding at twice his speed advanced only 15 feet.

As the learned court below points out the fallacy of that reasoning is that the speed of the automobile was not based upon the testimony offered by plaintiffs, but solely upon that of the defendant. The jury was not bound to accept as true defendant's estimate of his speed, of which he did not seem very certain, even though his testimony was uncontradicted; his credibility was for the jury: *Ferguson v. Charis,* 314 Pa. 164, 170 A. 131. Furthermore, incontrovertible physical facts cannot be established by oral evidence as to the speed or position of moving objects: *Hegarty et ux. v. Berger,* 304 Pa. 221, 155 A. 484; *Mull v. Bothwell,* 338 Pa. 233, 12 A. 2d 561; *Winters et al. v. York Motor Express Co., Inc. et al.,* 116 Pa. Superior Ct. 421, 176 A. 812.

The appellant argues also that the evidence disclosed that the plaintiff was guilty of contributory negligence in that he was passing a schoolhouse that was located on the northwest corner of Washington and South Mercer Streets, at a speed in excess of 15 miles per hour at the noon recess in violation of Article X, Section 1002 of the Vehicle Code of May 1, 1929, P. L. 905,

as finally amended by the Act of June 5, 1937, P. L. 1718, §2, 75 PS §501 (b) (2). It is clear that the purpose of this statute was to protect school children, who are not involved herein, during recess periods or at opening or closing hours of school: *Glowaski et ux. v. Rhoads,* 312 Pa. 508, 166 A. 850.

The plaintiff, undoubtedly, was somewhat contradictory in his testimony as to the speed he had been traveling before the collision and the jury could have concluded that he was violating the law in that respect. Assuming that he was, that did not convict him of negligence unless it can be shown that the speed he was then traveling was the proximate cause of the accident.

In *Collichio et ux. v. Williams,* 311 Pa. 553, 166 A. 857, the defendant in an action of trespass claimed the plaintiff's driver was guilty of contributory negligence in attempting to make a lefthand turn at a "T" intersection, which was governed by a traffic light, at a speed greater than 10 miles an hour in violation of Article X, Section 1002 of the Act of 1929, supra. The court there held in affirming the judgment that "a speed in excess of that permitted by statute will not convict the driver of negligence, unless it is shown that the speed was the proximate cause of the accident, which does not appear here." See, also, *Miller et al. v. Gutherie,* 325 Pa. 495, 191 A. 61; *Fuller v. Palazzolo et al.,* 329 Pa. 93, 197 A. 225; Restatement—Torts (Negligence), Volume II, §469.

We said in *Purol, Inc. v. Great Eastern System, Inc.,* 130 Pa. Superior Ct. 341, 197 A. 543: "The general rule is that the violation of a statute will not convict a plaintiff of contributory negligence unless it was the effective cause of the accident or, at least, contributed to its happening." See, also, *Metz v. Pittsburgh Railways Company,* 135 Pa. Superior Ct. 534, 7 A. 2d 505.

Our attention has been directed by the appellant to

*Jinks et al. v. Currie,* 324 Pa. 532, 188 A. 356. The Supreme Court held there that the provisions of Article X, Section 1008, of the Act of 1929, supra, as amended June 22, 1931, P. L. 751, §1008 (c), 75 PS §543 (c), prohibiting a driver from attempting to pass another at an intersection are mandatory, and that a violation thereof was negligence per se. The failure to comply with that provision undoubtedly created a definite hazard and caused the collision. We find no expression in that case indicating an intention to overrule or disturb the decisions to which we have referred and the many others of the same import which could be cited. Our conclusion is borne out as the present Chief Justice, the writer of the opinion, said (p. 538) : "This principle of negligence per se was in mind when we decided *Lane v. Muller, Inc.,* 285 Pa. 161, 131 A. 718; *Zandras v. Moffett,* 286 Pa. 477, 133 A. 817; and *Hayes v. Schomaker,* 302 Pa. 72, 152 A. 827; ......" A reference to those cases will show that in each instance the court expressly said that a violation of the statute will not create a liability where it is not the proximate or efficient cause of the injury that follows. If there is no causal connection whatever between one's failure to obey a law and an accident it is quite difficult to understand why his right to recover in a trespass action should be defeated on that ground.

The appellant argues also that it was the duty of the minor plaintiff approaching an intersection to yield the right of way to him as he was first in the intersection, turning to the left to cross the street and that the operator of the motorcycle was negligent in not stopping his machine before the collision.

That contention involves a factual situation which was submitted to the jury under proper instructions as to the law and it found against the defendant. In *Mehler v. Doyle et al.,* 271 Pa. 492, 115 A. 797, relied upon by the appellant, the defendant truck driver drove

298

diagonally for a considerable distance in front of the plaintiff. There was no abrupt or sudden turning as was alleged here by the plaintiffs.

A careful review of all the evidence in this case and the able argument of the appellant convinces us that the evidence does not clearly show that the minor plaintiff was so unmistakably guilty of contributory negligence that we would be justified in disturbing the verdicts reached after a fair trial free of legal errors. See *Altomari v. Kruger et al.*, 325 Pa. 235, 188 A. 828 and *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 194 A. 194.

Judgments are severally affirmed.