Stewart et vir, Appellants, *v.* Pittsburgh.

Argued April 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, JJ. (DITHRICH, J., absent).

*Abe R. Cohen,* with him *Crone & Cohen* and *Samuel Goldstock,* for appellants.

*Thomas E. Barton,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellee.

OPINION BY RENO, J., July 19, 1945:

Appellants, husband and wife, brought trespass to recover damages for injuries resulting from a fall sustained by wife plaintiff upon a public stairway maintained by defendant. The verdicts were for plaintiffs, but the court below entered the judgments n. o. v., from which these appeals were taken, in the belief that the evidence demonstrated as a matter of law the contributory negligence of wife plaintiff, hereinafter called plaintiff. In view of the verdicts, the record must be considered in the light most favorable to appellants, and oral testimony adverse to the theory of liability will be rejected. *McCann v. Philadelphia Fairfax Corp.,* 344 Pa. 636, 26 A. 2d 540; *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45.

At the place where the accident occurred, in the outskirts of the City of Pittsburgh, Bigelow Boulevard and Brereton Street run parallel to each other and are separated by an open, and rather steep, grassy slope upon which defendant maintained a set of wooden steps to provide pedestrians a means of access between Brereton Street and the Boulevard at the top of the hill. The lower end of the stairway was illuminated by a street light suspended twenty-two feet above the ground from a yard arm three and one-half to four feet long extending away from the stairs and mounted upon a pole set in the ground at a point even with, but six and one-half feet away from, the seventh step, on the right

side of one descending the stairway. The front half of the fourth step from the bottom had been completely missing for two months before the accident, and had been loose for two months before that, and although defendant's maintenance department had been advised of the condition on three occasions by a resident of the neighborhood, nothing was done to correct it.

At nine-thirty in the evening of September 2, 1942, when the weather was clear, but after dark, plaintiff, with her two-year old child in her left arm, was proceeding down the stairs on her way to her home on Brereton Street. Although she had lived in the vicinity for a number of years, plaintiff had had no occasion to use the flight of steps since the Spring of 1942 and she had no knowledge of the defective tread. As she passed the seventh step the rays of the street light came from behind her and the shadow of her body was cast before her down the remaining stairs. Plaintiff was looking where she was going, but because her shadow distorted her visual impressions she did not observe the broken tread, and she fell on the fourth step, although immediately before her fall she saw what she "thought was the step" and "it looked like a regular step." Plaintiff summarized the cause of her fall as follows: "Q. It wasn't because the steps were dark? A. No, because the shadow was dark the light cast on. Q. Is this a fair way to state it: That you couldn't see this missing tread not because the steps were dark but because your shadow obscured the missing step. Is that right? A. Yes. Q. Is that a fair way of saying it now? A. Yes."

Defendant does not take the position that it was without fault in permitting the step to fall into a state of disrepair so as to endanger the safety of those lawfully upon it. Since the stairway was maintained for the convenience of the public at large, defendant was obliged to keep it in a reasonably safe condition so that pedestrians in the exercise of care could use it without

peril. *Zieg v. Pittsburgh,* 348 Pa. 155, 34 A. 2d 511; *Dunkerton v. North Braddock Borough,* 330 Pa. 89, 198 A. 677. That the city neglected to discharge its duty to remedy the broken tread well in advance of the accident is plain, as it had an abundance of actual and constructive notice of the dangerous situation and ignored it for an unreasonably long period of time after the obligation to make repairs arose. *Heinz v. Pittsburgh,* 137 Pa. Superior Ct. 603, 10 A. 2d 100; *Beloud v. Sayre,* 56 Pa. Superior Ct. 215. The sole argument in derogation of the verdict is the proposition that, as the stairway was otherwise sufficiently lighted, plaintiff is not excused from failing to observe the pitfall merely because her shadow made the defective step appear to be sound. With this contention we cannot agree, as it would, in effect, make plaintiff an insurer of her own safety, requiring her to be extraordinarily alert, where, on the contrary, the true measure by which her conduct is to be gauged rises no higher than that degree of caution employed by the ordinarily prudent person under like circumstances. *Mullin v. Welsbach Street Lighting Co.,* 318 Pa. 552, 179 A. 71; *Bruch v. Philadelphia,* 181 Pa. 588, 37 A. 818; *O'Brien v. Jeannette Borough,* 128 Pa. Superior Ct. 443, 194 A. 314. Ordinarily, the question of a plaintiff's contributory negligence is one for the jury; "it is only in a clear case where the evidence is such that reasonably minded men can unite in the conclusion that a victim of an accident was negligent, that a *court* is justified in declaring him so. See McCracken v. Curwensville Borough, 309 Pa. 98, 114, 115, 163 A. 217, and Rowland v. Canuso, 329 Pa. 72, 196 A. 823": *Douville v. Northeastern Warehouse Co.,* 337 Pa. 188, 190, 10 A. 2d 394. We think that from plaintiff's description of her manner of descending the stairway it was not so "clear, as to leave no doubt," that she was culpably responsible in part for her misfortune. *Brinkos v. McKeesport City,* 136 Pa. Superior Ct. 526, 531, 7 A. 2d 516.

While the cases relied upon by defendant make the question a difficult one, a careful examination of them will reveal that each is distinguishable on its facts and that none is controlling here. In *Lewis v. Duquesne Inclined Plane Co.*, 346 Pa. 43, 44, 28 A. 2d 925, plaintiff tripped while alighting from an inclined plane car which had stopped with its floor three inches below the level of the station platform, and she claimed that she was prevented by shadows from seeing the obstruction in her path. In holding her to have been contributorily negligent as a matter of law, the Supreme Court said: "It is obvious she could have seen this condition if she had looked." Here, it was the very act of looking at the dangerous tread upon which she was about to step which deceived plaintiff into believing it was safe to proceed, as the play of her shadow on the stair made that which was defective appear to be in a satisfactory condition.

The plaintiff in *Mammana v. Easton National Bank*, 338 Pa. 225, 226, 12 A. 2d 918, ascended a flight of steps, of which the one next to the landing at the bottom, though adequately lighted and not defective, was obscured by a shadow. Upon descending twenty-five minutes later, he did not see the last stair and fell while attempting to step onto the landing. The Supreme Court, in addition to intimating that no negligence had been proved, affirmed a judgment entered on binding instructions for defendant with the comment: "...... as plaintiff such a short time before had ascended the stairs, he should have known the condition and, exercising due care, have observed where he was stepping." This plaintiff had not used the stairway for nearly six months and was not familiar with its condition at the time she was injured.

This Court in *May v. Warner Brothers Theaters*, 153 Pa. Superior Ct. 181, 186, 33 A. 2d 278, said: "The testimony of the plaintiff clearly shows that he knew all of the conditions, that everything was apparent to

him, and that he failed to exercise due care for his safety." The plaintiff there had fallen down a flight of stairs. As he put his foot out for the first step he could see it, but an instant later his shadow obscured the tread, and he misjudged its position. It is manifest from the testimony of the present plaintiff that she did not know "all of the conditions" confronting her, and that the cause of her fall was precisely that the defect in the tread was not "apparent" to her, for otherwise, as she was looking where she was going, she would have avoided it.

In our opinion this case is very similar factually to *Ross v. Mayflower Drug Stores,* 324 Pa. 513, 515, 188 A. 346, and *Bowland v. Pittsburgh Railways Co.,* 350 Pa. 411, 39 A. 2d 619, and is governed by the principle of those decisions. In the former case plaintiff was injured when she slipped upon an icy step as she was leaving defendant's place of business. When she opened the door the light from the inside of the store threw her shadow in front of her and the shadow concealed the patch of ice. Largely because, under those circumstances, "...... nothing was indicated to her senses that the condition of the step foreboded danger ......" the record was said to present a question of "sufficient doubtfulness" to be properly for the jury. In the *Bowland* case, plaintiff tripped over an iron band protruding two or three inches above a curb she was attempting to cross. The place of the accident was directly under a street light, but plaintiff did not observe the projecting band because it was shadowed by her umbrella, and this excuse for not avoiding the danger was held to require plaintiff's contributory negligence to be submitted to a jury, and to prevent the judicial declaration of it. Any distinction between those cases and this is without substance, and the court below was therefore in error in entering judgment for defendant notwithstanding the verdicts.

Defendant also moved for a new trial, which the

court below refused, apparently without consideration of its merits, because it had entered judgments n. o. v. for defendant. In these circumstances, when we reverse judgments so entered, it is the practice to reinstate the rule for a new trial and permit the court below to pass upon its merits. *Poch v. Equitable Life Assurance Soc.*, 343 Pa. 119, 22 A. 2d 590; *Baldwin v. Transitone Automobile Radio Corp.*, 314 Pa. 10, 169 A. 755; *Moyer v. Reading Co.*, 147 Pa. Superior Ct. 178, 24 A. 2d 48.

The judgments are reversed and the rule for a new trial reinstated.