Chidester *v.* Pittsburgh, Appellant.

Argued March 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John F. McDonough,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*John E. Evans, Jr.,* with him *Evans, Evans & Spinelli,* for appellee.

OPINION BY MR. JUSTICE DREW, May 27, 1946:

In this suit in trespass, plaintiff, Mrs. Elizabeth Chidester, a widow, sued to recover damages for personal injuries alleged to have been sustained by reason of the negligence of defendant, City of Pittsburgh. After verdict in favor of plaintiff, the discharge of defendant's motions for new trial and judgment n. o. v., and the

entry of judgment on the verdict, defendant appealed, assigning as error the discharge of its motion for judgment.

Defendant asks judgment on two grounds—that there is not sufficient credible evidence of its negligence to submit the case to a jury, and, that plaintiff was guilty of contributory negligence. The pertinent facts are these: About five o'clock A.M. on April 20, 1943, plaintiff was returning to her home from her place of employment in downtown Pittsburgh, where she worked as a janitress from nine o'clock in the evening until about four-thirty o'clock the next morning. To go home she used a street car, alighting at what is known as "Smith's Stop". From that car stop to Moredale Street on the level below, defendant maintains a long steep flight of wooden stairs, consisting of about seventy-five steps in five sections. From the car stop this stairway was the only means plaintiff had of access to her home, which was close by the foot of the stairway. At the time mentioned she was descending these steps. She had reached the third flight; it was quite dark at the time and there was no artificial illumination. Plaintiff testified she was proceeding with care, when her foot went through an opening in the first or second step of the third section, where a tread was missing. She fell and was severely injured. She said this tread was in place the day before when she passed down the steps. She called several witnesses in her behalf, one of whom, Nick DiBianco, testified that he used these steps every day in going to and from his work, and that this particular tread had been missing for three months prior to this accident. He said he had telephoned several times reporting the defective condition of the stairway and asking for its repair. His wife corroborated his testimony and said that she had called defendant and made the same report and request. Another witness for plaintiff, Louise Buxton, stated that she lived near the foot of the stairway and frequently used it. She said a portion of this tread had been missing for two or three months prior to the accident.

Plaintiff and her witnesses testified to a general disrepair of the stairway; that a tread was missing in the second flight; that the hand rail and its supports all along the left side of the third section were gone; and that the stringers or supports of the stairs, particularly under the third section, were rotted out. Plaintiff testified that the City was notified of the accident a few hours after it happened, and that before noon of that same day defendant repaired the steps by putting in several new treads, new stringers, uprisers, and banisters. She said that she returned to the place of the accident after the repairs were made and saw the decayed and rotted lumber which had been taken out of the stairway at the place where she fell.

It was the duty of defendant to keep this public stairway in a reasonably safe condition so that pedestrians in the exercise of due care could use it without peril: *Zieg v. Pittsburgh,* 348 Pa. 155, 34 A. 2d 511; *Stewart v. Pittsburgh,* 157 Pa. Superior Ct. 347, 43 A. 2d 393. That defendant did not maintain it in such a condition cannot be denied. The steps were in a dangerous condition when this accident happened and for months prior thereto, of which defendant had actual and constructive notice. At the trial the only testimony offered by defendant concerned the credibility of one of plaintiff's witnesses.

Defendant contends that the testimony of plaintiff shows that the tread in question was in position as late as twenty-four hours before the accident and that, however it had been removed, it happened such a short time before the accident that defendant had no notice of the fact it was missing and was therefore not guilty of negligence in not replacing it. This argument overlooks entirely the fact that not only at the immediate place where plaintiff's foot went through the opening, but all around that place, the supports of the steps, the stringers, the handrail and its supports, all were in such a rotted and decayed condition, that defendant for months had

constructive notice of this dangerous situation. If it had made any reasonable inspection it would have discovered this fact many months before the accident. It is obvious the stairway was in urgent need of immediate repairs, and that in its worn out and decayed state it was a menace to all required to use it. The testimony of plaintiff and her witnesses was convincing as to the negligence of defendant, and the jury so found.

Did plaintiff's evidence clearly disclose a case of contributory negligence? We think not. It is well settled, as we said in *Coolbroth v. Penna. R. R. Co.*, 209 Pa. 433, 439-40, 58 A. 808, that "The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either the case is for the jury." Plaintiff was using the only way she had to return to her home from the street car stop; the morning was dark; and there was no artificial illumination. She was aware of the general dangerous condition of the steps and was proceeding with care. While there was some conflict between plaintiff's testimony and that of her witnesses as to the length of time the particular tread was missing, nevertheless it was for the jury to reconcile such differences: *Anstine v. Penna. R. R. Co.*, 342 Pa. 423, 20 A. 2d 774. The jury by its verdict believed that the tread was in place the day before the accident. Due care did not require under the facts here presented that plaintiff anticipate the tread would be missing, or that she should have seen that it was actually missing on this dark morning when she descended the steps. The facts are not so free from doubt that we can declare as a matter of law that plaintiff was contributorily negligent. It was the province of the jury to determine whether she exercised the care required.

The jury found both that defendant was guilty of negligence and that plaintiff had not convicted herself of contributory negligence. Under these facts, on the motion for judgment n. o. v., the testimony must be read

in the light most favorable to plaintiff and all conflicts resolved in her favor. Since there is much competent testimony to support the verdict, it must be sustained.

Defendant does not seem to have pressed its motion for a new trial. We find no reversible error in the record and are of opinion that the verdict is supported by the law and the evidence.

Judgment affirmed.