Balzer, Appellant, *v.* Reith et ux., Appellant.

188

Argued April 22, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Richard P. Steward,* for appellant.

*E. Y. Calvin,* for appellees.

Opinion by Ross, J., July 17, 1947:

This action in trespass arose out of an intersection collision between an automobile owned and driven by the plaintiff, Balzer, and one owned by Alice M. Reith and driven by her husband, Arthur A. Reith. The col-

lision occurred at the intersection of Fifth Avenue, a through highway, and 17th Street, a "stop" street, in Beaver Falls at about 12:55 p.m. on February 13, 1946. The car driven by the plaintiff was traveling northwardly on Fifth Avenue and the car driven by Arthur Reith was traveling westwardly on 17th Street. The plaintiff brought suit against the owner (wife) and the driver of the Reith car, and the wife filed a counterclaim against Balzer. After a nonsuit had been entered in favor of the wife, the jury returned a verdict in favor of Balzer against the husband and also in his favor on the wife's counterclaim. The lower court entered judgment n. o. v. for the husband and also for the wife on her counterclaim, on the theory that the plaintiff as a matter of law was contributorily negligent, and that is the only question before us in this appeal which the plaintiff has taken.

It is only in a clear case where the evidence is such that reasonable minded men can unite in the conclusion that a victim of an accident was negligent that a court is justified in declaring him negligent as a matter of law. *McCracken v. Curwensville Borough,* 309 Pa. 98, 163 A. 217, 86 A.L.R. 1379; *Stewart v. Pittsburgh,* 157 Pa. Superior Ct. 347, 43 A. 2d 393; *Cox v. Scarazzo,* 353 Pa. 15, 44 A. 2d 294. The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury. *Chidester v. City of Pittsburgh,* 354 Pa. 417, 47 A. 2d 130; *Coolbroth v. Penna. R. R. Co.,* 209 Pa. 433, 58 A. 808. The verdict for the plaintiff is a finding that the plaintiff was free from contributory negligence. *Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261; *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45. The plaintiff, all conflicts having been resolved in his favor, is entitled to have the evidence supporting his verdict considered and all the rest rejected. *Sorrentino v. Graziano,* 341 Pa. 113, 17 A. 2d 373; *Pinto v. Bell Fruit Co., Inc.,* 148 Pa. Superior Ct. 132, 24 A. 2d 768.

The plaintiff traveling on a through highway had the technical right of way, although that did not relieve him from using proper care under the circumstances to avoid a collision with the defendant's car. *Roth v. Hurd,* 140 Pa. Superior Ct. 401, 13 A. 2d 891. Section 1014 of the Motor Vehicle Code of May 1, 1929, P. L. 905 as amended (75 PS 573) gives the right-of-way to the vehicle proceeding on a "through highway", but provides that this "shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right-of-way". The right of way of a vehicle on a through highway is a qualified one and if the driver fails to observe the ordinary precautions in regard to speed and control of his vehicle and keeping a lookout for cars approaching an intersection, he may be held to be negligent. *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105. In determining whether or not the plaintiff in approaching the intersection was using reasonable care, it must be borne in mind that a driver having the right of way may assume within reasonable limits that one approaching on an intersecting road or street will obey the law and give him the right of way. *Schall v. Penn Transit Co.,* 352 Pa. 129, 42 A. 2d 278; *McNulty v. Horne Co.,* 298 Pa. 244, 148 A. 105. The plaintiff was not chargeable with contributory negligence merely because he failed to anticipate the negligence of the defendant. *Reiter v. Andrews,* 155 Pa. Superior Ct. 449, 38 A. 2d 508; *Handfinger v. Barnwell Brothers, Inc.,* 325 Pa. 319, 189 A. 312.

With the exception of a school zone, which we will discuss later, the speed limit on Fifth Avenue was 35 miles an hour. As plaintiff approached the intersection, he was traveling "possibly twenty-five, thirty miles an hour". It was raining and visibility was "poorer than

usual". He testified: "Q. At the corner of Fifth Avenue and Seventeenth Street, as you approached it, is your view of Seventeenth Street obstructed? A. There is a grocery store right up to the corner." The defendant, Arthur Reith, testified: "Q. Was your vision obstructed to the left, the direction in which Mr. Balzer was coming, when you approached Fifth Avenue? A. Yes. There is, I believe, a two-story brick building there which extends right up to the edge of the sidewalk. Q. Were there any cars parked, also, along that street? A. Yes, there was a truck . . . I think a bakery truck . . . I couldn't say whether it was a bakery truck or what kind of a truck it was." The plaintiff testified: "Q. Now when you came to that blind corner there on your right, with that store there, what did you do about looking? A. Well, I can assure you at that corner you watch for an accident every time on that. Q. Well, now did you look? A. Yes, absolutely." The plaintiff also testified: "Q. When did you first see the Reith car at the scene of the accident? A. Well, as soon as—I don't know just how to answer that—as soon as you had visibility over around the corner of the store . . .", and "Q. You say you didn't see Reith until he was in the middle of the street? A. No; I would say I saw Reith, possibly, when it was just too late to miss him . . . I don't say I didn't see the car at all, but it was such a surprise to see a car . . . coming that fast; and there was no way you could eliminate it— I mean I couldn't have swerved over because I would have run over the curb, . . . Q. Well, how far did you travel then after you saw it? A. Well, . . . possibly 15 feet, because it was right at the intersection or a little beyond, of the intersection, the crash took place; . . . Q. Then you were actually on your left hand side of the street when the collision took place, left of the center line? A. That's right. Q. If you had your car under control, Mr. Balzer, when you approached this intersection, you could have turned up Seventeenth Street, you could have turned down Seventeenth Street, or you could have

passed on straight through Seventeenth Street without ever having any accident at all, couldn't you—if you had your car under control? A. No, I wouldn't say that. I think the visibility that day was poor enough that at the rate Mr. Reith was going that accident could not have been avoided. I have driven the street too much to say that—no."

The appellees contend that Balzer was negligent as a matter of law because his rate of speed ("possibly twenty-five, thirty miles an hour") was in violation of Article X, section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 501 (b) (2), which imposes a 15-mile-an-hour speed limit on "All vehicles . . . when passing a school building during school recess, or while children are going to or leaving school during opening or closing hours". The plaintiff testified: "There is a school zone . . . on Sixteenth Street . . .", and later in his testimony, in referring to a "speed limit" sign, testified that there is "only one sign on Fifth Avenue, and that is in the school zone, between Fifteenth and Seventeenth; and there is no signs going northward; there is only one sign going south on Fifth Avenue, and it is a 25 miles sign". It is not clear from the testimony just where the "school zone" is located but it was for the jury to reconcile any apparent inconsistencies in the testimony. Moreover, in *Ross v. Reigelman*, 141 Pa. Superior Ct. 293, 14 A. 2d 591, it was held that a violation of this section of The Vehicle Code would not convict a driver of negligence unless it was shown that the speed was the proximate cause of the accident, Judge BALDRIGE stating, at page 296, "It is clear that the purpose of this statute was to protect school children, who are not involved herein, during recess periods or at opening or closing hours of school: Glowaskie et ux. v. Rhoads, 312 Pa. 508, 166 A. 850."

Clearly, in this case, the question of the plaintiff's negligence was for the jury. The case cannot be distinguished from *Boehm v. Heston*, 325 Pa. 89, 189 A. 298,

in which the defendant passed a stop sign, and collided with the plaintiff who was traveling on a through highway. Owing to an embankment at that intersection, neither party could see the other until the cars were actually in what was practically a "T" intersection. The court held that the case was one for the jury's determination. Cf. *Harris v. Moran*, 121 Pa. Superior Ct. 16, 182 A. 660; *Pellegrini v. Coll*, 133 Pa. Superior Ct. 294, 2 A. 2d 491; *Walter v. Nu-Car Carriers*, 159 Pa. Superior Ct. 600, 49 A. 2d 535.

The judgments non obstante veredicto entered by the court below are reversed and record remitted for action on the motions for new trial.